**SNYDER BURNETT EGERER, LLP**
**Sean R. Burnett (SB# 227952)**
**Jessica Farley (SB# 280123)**
5383 Hollister Avenue, Suite 240
Santa Barbara, California 93111
Telephone No.: 805.692.2800
Facsimile No.: 805.692.2801
sburnett@sbelaw.com
jfarley@sbelaw.com

Attorneys for Defendant TARGET CORPORATION

**Simon P. Etehad (SB# 186449)**
**Steven Berkowitz (SB# 124051)**
**ETEHAD LAW, APC**
9454 Wilshire Blvd., Suite 711
Beverly Hills, California 90212
Telephone: 310.550.1220
Facsimile: 888.266.5502
simon@etehadlaw.com
steven@etehadlaw.com

Attorneys for Plaintiff CONNIE TAYLOR BROADOUS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CONNIE TAYLOR BROADOUS, <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION; individually and dba TARGET STORE T-2329; and DOES 1 to 20, <br><br> Defendants. <br> _____ / | Case No. 2:20-cv-10950 GW (JEMx) <br><br> Judge: Hon. George H. Wu <br> Magistrate: John E. McDermott <br><br> **JOINT REPORT REGARDING PARTIES' RULE 26(f) CONFERENCE** <br><br> **Scheduling Conference:** <br> **January 14, 2021, at 8:30 a.m.** |

Pursuant to Federal Rules of Civil Procedure, Rule 26(f), and Local Rule 26-1, plaintiff CONNIE TAYLOR BROADOUS ("plaintiff") and defendant TARGET CORPORATION ("Target"), through their counsel of record, met and

conferred on December 21, 2020, and hereby provide the following joint report.

**1.     Rule 26(f) Discovery Plan**

      **A.     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties will exchange disclosures pursuant to Rule 26(a). Initial disclosures will be exchanged on or before January 4, 2021.

      **B.     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiff will need to conduct discovery regarding: (1) witnesses to the incident; (2) reports concerning the incident; (3) investigation concerning the incident; (4) camera footage regarding the incident; (5) prior similar incidents; (6) events following the incident; (7) Target's policies and procedures regarding the incident or similar incidents; (8) Target's handling of the incident, (9) background identification and information about the managers on duty on the day and time of the incident, and their handling of the incident; and (10) any remedial measures taken by Target as a result of the incident.

Target will need to conduct discovery regarding witnesses to the incident and events following the incident. In addition, defendant will need to conduct discovery regarding plaintiff's medical condition, the extent and cause of plaintiff's alleged injuries, and her loss of earnings claims.

The failure to include a specific topic in this Joint Report does not prohibit parties from seeking discovery on that topic.

The parties propose that fact discovery be completed on or before October 2, 2021. The parties do not propose conducting discovery in phases or limiting

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

2

JOINT REPORT REGARDING PARTIES' RULE 26(f) CONFERENCE

discovery to particular issues.

**C.     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that for any electronically stored information, such information may be produced in tangible form in an organized manner on CD's or DVD's in readable format for standard programs for Window-based operating systems.  A party may consent to opposing party producing such information by printing the files as documents and Bates numbering the documents.  The parties agree to produce information in a manner that is easily reviewed and identified by the receiving party and the court.

**D.     Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order.**

Some materials that Target foresees producing in discovery contain trade secrets and protected intellectual property.  The parties have agreed that these materials, including any security footage, will only be produced upon execution by the parties and the court of a Stipulated Protective Order.  The parties will submit a stipulation and proposed order when and if appropriate.

The parties do not anticipate any other, non-standard issues that may require modifying or limiting the federal or local discovery rules.

**E.     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties have agreed to the use of state court Form Interrogatories.  The sufficiency of responses to Form Interrogatories and meet and confer requirements pertaining to the responses will conform to the Federal Rules of Civil Procedure.

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

3

JOINT REPORT REGARDING PARTIES' RULE 26(f) CONFERENCE

The Form Interrogatories will not count toward either party's permitted number of Interrogatories under the FRCP. Interrogatories pursuant to the FRCP may be used as well.

**F.   Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not propose that the Court issue any additional orders regarding protective orders under Rule 26(c), scheduling orders under Rule 16(b), or requirements for the pretrial conference under Rule 16(c) other than those contemplated herein.

**2.   Local Rule 26-1**

**A.   Complex Cases**

This is not a complex case, and the Manual for Complex Litigation is not applicable.

**B.   Motion Schedule**

Neither party anticipates filing a dispositive or partially dispositive motion at this time, though both parties reserve the right to do so as discovery progresses and the parties learn more about the available evidence.

**C.   ADR**

Both parties prefer private mediation.

**D.   Trial Estimate**

Plaintiff's estimate is 5 days.  Defendant's estimate is 5 days.

**E.   Additional Parties**

Neither party anticipates the appearance of additional parties.

**F.   Expert Witnesses**

Expert witness disclosures will be made pursuant to Federal Rule of Civil Procedure 26(a)(2).

///

///

| | | |
|---|---|---|
| 1 | Dated: December 23, 2020 | SNYDER BURNETT EGERER, LLP |
| 2 | | */s/ Sean R. Burnett* |
| 3 | | _____ |
| 4 | | By: Sean R. Burnett / Jessica Farley<br>Attorneys for Defendant TARGET CORPORATION |
| 5 | | |
| 6 | Dated: December 23, 2020 | ETEHAD LAW, APC |
| 7 | | */s/ Steven Berkowitz* |
| 8 | | _____ |
| 9 | | By: Steven Berkowitz<br>Attorney for Plaintiff CONNIE TAYLOR BROADOUS |