**SNYDER BURNETT EGERER, LLP**
**Sean R. Burnett (SB# 227952)**
**Jessica Farley (SB# 280123)**
5383 Hollister Avenue, Suite 240
Santa Barbara, California 93111
Telephone No.:  805.692.2800
Facsimile No.:  805.692.2801
sburnett@sbelaw.com
jfarley@sbelaw.com

Attorneys for Defendant TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CONNIE TAYLOR BROADOUS,<br><br>              Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; individually and dba TARGET STORE T-2329; and DOES 1 to 20,<br><br>              Defendants.<br>_____/ | Case No. 2:20-cv-10950 GW (JEMx)<br><br>Hon. George H. Wu<br><br>**DEFENDANT TARGET CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>**Date:**  **December 6, 2021**<br>**Time:**  **8:30 a.m.**<br>**Ctrm:**  **9D**<br><br>*[Filed concurrently with Statement of Uncontroverted Facts and Conclusions of Law; Declaration of Jessica Farley; and [Proposed] Judgment]* |

**TO THE COURT AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 6, 2021, at 8:30 a.m., or as soon thereafter as the matter can be heard in Courtroom 9D of this Court, located at 350 West 1st Street, Los Angeles, California, 90012, defendant Target Corporation ("Target") will and hereby does move this Court, pursuant to *Federal Rules of Civil Procedure*, Rule 56, for summary judgment in its favor against

1

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

plaintiff's complaint, which alleges causes of action for negligence and premises liability. In addition to summary judgment, Target also seeks costs of suit incurred herein and such other relief as the Court may permit.

This Motion is made on the grounds that there is no triable issue of material fact as to plaintiff's causes of action against Target. Target is entitled to summary judgment as a matter of law and judgment thereon because plaintiff cannot establish that Target had actual or constructive notice of the liquid on which plaintiff claims she slipped and injured herself on June 1, 2020, at a Target store.

This Motion will be based on this Notice and the concurrently-filed Memorandum of Points and Authorities; the accompanying Statement of Uncontroverted Facts and Conclusions of Law and all exhibits attached thereto; the accompanying Declarations of Luis Saldana and Jessica Farley; the papers and pleadings on file with this Court; and upon such oral and documentary evidence as may be presented at the time of the hearing on this Motion.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3 which took place on October 7, 2021, and November 3, 2021. [*Declaration of Jessica Farley* ("*Farley Dec.*"), ¶3.]

Dated: November 8, 2021            SNYDER BURNETT EGERER, LLP

                                          */s/ Jessica Farley*

                              _____

                              By: Sean R. Burnett / Jessica Farley
                              Attorneys for Defendant TARGET
                              CORPORATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION

This is a premises liability case arising from a slip and fall at the Target Store in Granada Hills, California, on June 1, 2020.  Plaintiff was accompanied at the store by her assistant, Verna Stewart.  As plaintiff and Ms. Stewart approached the registers to pay for a blender, plaintiff slipped and fell in soap in the main aisle. Neither plaintiff nor Ms. Stewart had observed any liquid on the floor the first time they were through the area minutes earlier on their way to select the blender.

Approximately 33 seconds before the incident, Target customer Luis Saldana, an independent witness, passed through the location of the incident on his way to the register. There was no spill at that time.  As he began to check out, Mr. Saldana heard a female customer drop a bottle of soap, and approximately three seconds later, the incident occurred.

There is no evidence that any Target Team Member knew of the spill before plaintiff slipped, and 33 seconds—let alone *three seconds*—is not enough time to impute constructive notice against Target. To hold otherwise would impose an "utmost" rather than "ordinary" standard of care, thereby ignoring well-established case law that proprietors are not insurers of public safety.

There is no evidence that Target had actual or constructive notice of the spill, and therefore there is no genuine dispute of material fact. Target was not negligent. Plaintiff's claims fail, and summary judgment should be granted.

### 2.    STANDARD OF REVIEW

#### a.    <u>Summary Judgment Is Appropriate Where A Moving Party Meets Its Burden of Showing There Is No Genuine Dispute of Material Fact.</u>

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

**SNYDER BURNETT EGERER, LLP**
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

1

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

[Fed.R.Civ.P. 56(a).]  One of the principal purposes of this rule is to dispose of factually unsupported claims or defenses. [*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).]

"Material facts" are those that may affect the outcome of the case.  [*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).]  A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." [*Id.*]

A party moving for summary judgment bears the initial burden of informing the court of the basis of its motion and identifying those portions of the pleadings and discovery that it contends demonstrate the absence of a genuine issue of material fact.  [*Celotex Corp.*, 477 U.S. at 323.]  This burden is satisfied when it shows the court there is no evidence to support the non-moving party's case.  [*See id.* at 325.]

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  [*Liberty Lobby*, 477 U.S. at 250 (internal quotations omitted).]  Likewise, conclusory and speculative testimony in affidavits and non-moving papers is insufficient to raise genuine issues of fact. [*See Falls Riverway Realty, Inc. v. City of Niagra Falls*, 754 F.2d 49, 57 (2d Cir. 1985); *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).]  Self-serving testimony in affidavits or declarations will not establish a genuine issue of material fact unless they contain facts based on personal knowledge and are not conclusory.  [*See Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001); *Mackenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005).]

///

///

///

b.    **Substantive Issues Must Be Resolved According to State Law in Diversity Cases.**

It is well-established that "federal courts sitting in diversity must apply state law to resolve substantive issues, but apply federal law to resolve procedural issues." [*Freund v. Nycomed Amersham*, 347 F.3d 752, 767 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).]

As this case was removed to this Court on diversity grounds, *Federal Rules of Civil Procedure* govern the standard that must be met to grant summary judgment, and state law governs standards for substantive issues such as actual and constructive notice.

**3.    RELEVANT FACTUAL BACKGROUND**

a.    **Plaintiff's Complaint Alleges Negligence and Premises Liability Against Target.**

On October 27, 2020, plaintiff filed the operative complaint in the Superior Court of California, County of Los Angeles in Case Number 20STCV41151. [*Statement of Uncontroverted Facts and Conclusions of Law*, Uncontroverted Fact ("UF") #1.] The complaint alleges causes of action for negligence and premises liability arising from plaintiff's fall in a "soapy liquid spill." [UF #2.] On December 2, 2020, Target removed this case to this Court on diversity grounds. [UF #3.]

b.    **The Spill in Which Plaintiff Slipped Was Not Present 33 Seconds Before the Incident, and It Was Created Just Three Seconds Before the Incident.**

The slip and fall in this case happened on June 1, 2020, at the Target store located at 11133 Balboa Blvd. in Granada Hills, California ("the store"). [UF #4.] Plaintiff slipped and fell in the main aisle near the registers. [UF #5.]

On the day of the incident, plaintiff was accompanied at the store by her assistant and direct supervisee, Verna Stewart. [UF #6.] They walked by the

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

3

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

incident location on their way to select a blender. [Exhibit 3 to *Farley Dec.*, *Deposition of Plaintiff* ("*Plf Depo.*"), 23:13-24:7.] Neither plaintiff nor Ms. Stewart observed any liquid on the floor at that time. [*Plf Depo.*, 25:19-23; Exhibit 4 to *Farley Dec.*, *Deposition of Verna Stewart*, 18:1-23.] After selecting a blender, plaintiff and Ms. Stewart headed directly to the cash registers to pay for the item. [*Plf Depo.*, 25:11-14.] It was on this return trip through the main aisle that the incident occurred. Plaintiff estimates eight to nine minutes elapsed between when she first walked past the incident location to when the incident occurred. [*Plf Depo.*, 23:13-25:18.]

After plaintiff fell, another customer, Luis Saldana, came to plaintiff's side within seconds to assist her, while plaintiff was still on the floor at the incident location and sitting in the liquid spill. [UF #7.] Mr. Saldana was an independent witness. [UF #8.] Mr. Saldana observed the touch, smell, appearance and slippery consistency of the liquid, and he determined it was a type of soap. [UF #9.] Plaintiff observed the soap spill to be clear and not dirty. [UF #10.] There was nothing about the liquid that led plaintiff to believe it has been on the ground for a long period of time. [UF #11.]

Approximately 33 seconds before the incident occurred, Mr. Saldana had walked through the incident location as he was making his way to a register to pay for his items. [UF #12.] At that time, there was no liquid on the floor at the incident location. [UF #13.]

As Mr. Saldana walked toward the register, and before he reached the location of the incident, he passed a female customer who was carrying a bottle of soap in her hand. [UF #14.] At the register, Mr. Saldana began to unload his items onto the conveyor belt, and he heard a loud "boom" that sounded as though something was dropped. [UF #15.] Within three seconds of the "boom," Mr. Saldana heard a second loud noise. [UF #16.] He immediately took a few steps back from the register and observed an elderly woman on the floor in a puddle of

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

4

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

liquid. [UF #17.] He went to assist her. [UF #7.]

   c.   **There Is No Evidence Target Had Knowledge of the Spill Prior to Plaintiff's Fall.**

Plaintiff does not know how the soap spill came to be on the floor. [UF #18.] She does not know how long the spill was on the floor before the incident. [UF #19.] She does not know of any Target Team Member who knew of the spill on the floor before the incident. [UF #20.]

Likewise, Ms. Stewart does not know where the spill came from (including whether the spill was created by a guest or Target Team Member), whether any Team Members knew of the spill on the floor before the incident, or how long the spill was on the floor before the incident. [UF #21-23.]

**4.   SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THERE IS NO EVIDENCE THAT TARGET HAD ACTUAL OR CONSTRUCTIVE NOTICE OF THE SPILL.**

According to the California Supreme Court, a store owner or occupier in a premises liability case is not an insurer of the safety of its patrons. [*Ortega v. Kmart Corp.*, 26 Cal.4th 1200, 1205 (2001).] Just because an incident occurs does not mean that the business owner is automatically liable. A plaintiff has the burden of affirmatively proving that the owner was in some way negligent. [*Id.*]

In *Ortega*, a slip and fall case, the Court explained a plaintiff's burden of proof in establishing premises liability arising from a business owner's negligence. Liability can only be imposed when a plaintiff proves first that the owner had either actual or constructive knowledge of a dangerous condition, and second, that the owner failed to take remedial action in a reasonable amount of time. [*Id.* at 1206.]

To avoid summary judgment, then, plaintiff must present sufficient evidence showing a genuine dispute as to Target's actual or constructive knowledge of the spill that caused plaintiff's fall. Plaintiff has no such evidence.

## A.    There Is No Evidence That Target Had Actual Notice of the Spill Prior to Plaintiff's Fall.

There is no evidence that Target had actual notice of the soap spill before plaintiff fell.  Neither plaintiff nor Ms. Stewart have any knowledge that any Target Team Member knew the spill was on the ground prior to plaintiff's slip and fall. [UF #20, 22.] Neither woman knows how long the spill existed before the incident or how the spill came to be on the floor. [UF #18, 19, 21, 23.]

## B.    Target Did Not Have Constructive Notice of the Spill.

Before constructive notice is imputed to a business owner, a plaintiff must establish that a defect or hazardous condition existed long enough before an incident to permit the owner's employees the opportunity to discover and remedy the condition. [*Ortega,* 26 Cal.4th at 1206; *see also Moore v. Wal-Mart Stores, Inc.*, 111 Cal.App.4th 472, 479 (2003).]  To impute liability without such evidence would be to create strict liability for slip and fall injuries and effectively render a business owner an insurer of the safety of its patrons.  [*Moore,* 111 Cal. App 4th at 476.]  "Such a result is contrary to current negligence law." [*Id.*]

While the issue of whether a condition existed long enough for it to be remedied can be a question of fact for the jury, it is not always.  In *Girvetz v. Boys' Market*, 91 Cal.App.2d 827 (1949), plaintiff visited a market and slipped on a banana peel. The Court of Appeal explained that "where the evidence is that the foreign object has been on the floor of the market for 'a minute and a half,' it must be held that it is insufficient to support an inference that the defendant proprietor failed to exercise the care required of him." [*Id.* at 831.] Otherwise, a proprietor's burden would shift from one of "ordinary" care to one of "utmost" care akin to the doctrine of *res ipsa loquitur*. [*Id.* at 832.]

While California courts have not set forth a specific time period giving rise to a finding of constructive notice, courts have generally held as a matter of law that 30 minutes or under is insufficient to raise a genuine dispute of material fact.

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

[*See, e.g., Alacan v. Target Corp.*, No. CV 14-04564-AB (VBKx), 2015 WL 10945603, at \*3 (C.D. Cal. June 26, 2015) (granting summary judgment where a Target employee had inspected the area seven minutes before the accident, and explaining, "**nothing less than thirty minutes** between the last inspection and the plaintiff's fall has been held to raise a genuine dispute of material fact or sufficient to uphold a plaintiff's verdict") (relying on series of similar cases) (emphasis added); *see also Sukiasyan v. Target Corp.*, No. 2:18-CV-10356-R-GJS, 2019 WL 7205991, at \*4 (C.D. Cal. Nov. 27, 2019) (holding that 3 minutes and 35 seconds is "insufficient time, as a matter of law, to establish constructive notice of a spill for the purposes of a premises liability claim grounded in negligence").]

Consistent with this general consensus, this Court granted summary judgment where the evidence showed that the spill existed for 10-15 minutes prior to plaintiff's fall. [*Mejia v. Target Stores*, No. 13-CV-03371 R (MANx), 2014 WL 1340197, at \*3-5 (C.D. Cal. April 1, 2014).]

The *only* evidence of spill creation in this case is that provided by Mr. Saldana, an independent witness. According to Mr. Saldana, the spill was created just three seconds before the incident occurred, when an unidentified female customer dropped a bottle of soap. Mr. Saldana had been through the exact location of the incident just 33 seconds before he heard the loud noise of plaintiff falling in the soap, and there was no liquid on the floor at that time.

To impute constructive notice where a condition exists for such a short time—either three seconds between when the spill was created and the incident occurred, or 33 seconds between when Mr. Saldana was last through the incident location and the time of the incident—would require Target to continuously inspect each and every entrance, aisle, corridor, and stairway in the entire store to protect itself from liability. That of course is not the state of the law. Business owners are not insurers of public safety. [*Ortega*, 26 Cal.4th at 1205.] Just because an accident occurred in Target's store does not mean Target is responsible for that

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

7

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

accident. Three seconds and 33 seconds are both insufficient periods of time to expect Target to become aware of a spill and take remedial measures. Prior courts at both the state and federal level have refused to find constructive notice when the number of *minutes* were at issue; here, we are dealing with mere *seconds*. Raising the standard of care to such a high level is beyond what is logical or practical and is far outside the scope of any business owner's capabilities.

## 5.   CONCLUSION

Because there is no evidence that Target had actual notice of the spill that caused plaintiff's fall, this case boils down to whether three seconds (or 33 seconds) is sufficient to find that Target had constructive notice of the spill. Under well-settled case law, the answer to both of these inquiries is a resounding no, and summary judgment should be granted accordingly.

Dated: November 8, 2021          SNYDER BURNETT EGERER, LLP

                                 */s/ Jessica Farley*

                                 _____
                                 By: Sean R. Burnett / Jessica Farley
                                 Attorneys for Defendant TARGET
                                 CORPORATION

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

8

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**