**ETEHAD LAW, APC**
Simon P. Etehad (SBN 186449)
simon@etehadlaw.com
Steven Berkowitz (SBN 124051)
steven@etehadlaw.com
150 South Rodeo Drive, Suite 350
Beverly Hills, California 90212
t 310.550.1220 | f 888.266.5502

Attorneys for Plaintiff Connie Taylor Broadous

# UNITED STATED DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CONNIE TAYLOR BROADOUS<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION; individually and dba TARGET STORE T-2329; and DOES 1 TO 20,<br><br>    Defendants. | CASE NO.: 2:20-cv-10950 GW (JEMx)<br><br>Hon. George H. Wu<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Date:  December 9, 2021**<br>**Time:  8:30 a.m.**<br>**Ctrm:  9D**<br><br>*[Filed concurrently with Statement of Genuine Disputes and Declaration of Steven Berkowitz]* |

Plaintiff Connie Broadous submits this Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment.

///

///

///

///

1

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

I.      INTRODUCTION………………………………………………….. 2

II.     LEGAL STANDARD……………………………………………..6

III.    CONCLUSION………………………………………………10

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES

CASES                                                                                              PAGE

Adickes v. S.H. Kress & Co. (1970) 398 U.S. 144………………………..6

Anderson v. Liberty Lobby, Inc. (1986) 477 U.S. 242……………………7

Celotex Corp. v. Catrett (1986) 477 U.S. 317………………………….6

Chroff v. MarMaxx Operating Corp. (E.D. Pa. Apr. 7, 2020)……………4
     No. 18-4712, 2020 U.S. Dist. LEXIS 60788

Estate of Tucker v. Interscope Records (9th Cir. 2008) 515 F.3d 1019…...7

Howe v. Seven Forty Two Co., Inc. (2010) 189 Cal.App.4th 1155……….8

In re: Napster, Inc. v. Hummer (N.D. Cal. 2006) 462 F.Sup.2d 1060……..9

Micron Technology, Inc. v. Rambus Inc…………………………………..4, 9
     (9th Cir. 2011) 645 F.3d 1311

Ortega v. Kmart Corp (2001) 26 Cal.4th 1200……………………….7-8

United States v. Kitsap Physicians Svs. (9th Cir. 2002) 314 F.3d 995…….9


STATUTES/RULES

F.RC.P. § 26(a)(1)(E)………………………………………………….3

F.RC.P. § 37(c)(1)…………………………………………………..4

F.RC.P. § 56(a)…………………………………………………...6-7

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This slip and fall case at a Target store involves a repeated and pervasive pattern of spoliation, concealment of percipient witnesses, refusal to produce salient requested documents sought that were (and are) in the possession of Target, and failure to produce the persons most knowledgeable at their PMQ depositions, all in an apparent attempt hide the fact that Target had actual or constructive notice of the spill in question and how it occurred.  Target engaged in the following conduct in this cover up, as follows:

1.  Despite the large pool of soapy liquid upon which Plaintiff fell which occurred in the **main aisle** next to the checkout stands, surrounded by numerous working surveillance cameras, and Plaintiff later having been taken away from the scene by ambulance, **Target has taken the position that it never found any video footage of any aspect of the incident**.  Berkowitz Declaration at ¶ 7 (referring to specific pages of both Ms. Pittman's and Ms. Jafari's depositions).

2.   Despite two preservation letters delivered to Target within 14 days of the incident, seeking such video footage of all circumstances relating to the incident, both before and after the incident, **Target never preserved any video footage of any persons involved in the incident, or who witnessed the same, the events regarding the person carrying and dropping a container carrying the soapy liquid, and the events regarding what happened to the container thereafter.**  Berkowitz Declaration at ¶ 8 (referring to Simon P. Etehad's declaration with its exhibits).

3.   Despite Target having prepared three separate and different reports of the incident **on the day in question**, including one containing the contact information and witness statements of Luis Saldano (who has submitted a declaration attached to the moving papers), **Target failed to produce two of these reports to Plaintiff, including the incident report concerning Luis Saldano.**  All such reports had been

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

requested during discovery.  Berkowitz Declaration at ¶¶ 4-6; Exh. 6, *Pittman Depo.* (see highlighted portions on pgs. 44-45, 52-53, 74).

4.    Despite Target having Saldano's contact information and telephone number on the day of the incident, Target never disclosed this witness with its initial disclosures filed with this Court.  In fact, it was only approximately one to two days before the private mediation in this matter, which took place on August 26, 2021, nearly nine months after this action had been removed to this court from the Los Angeles Superior Court, that Target's counsel disclosed that this witness existed, and that it had already obtained a declaration from him. In fact, Target waited until September 10, 2021, before providing its supplemental initial disclosures referencing Saldano, and then waited until September 14, 2021, before producing Mr. Saldano's August 18, 2021 declaration.[1]  Berkowitz Declaration at ¶ 10.

5.    Target's manager working on the day of the incident testified that during her investigation of the incident she only requested to see surveillance footage of only the area where Plaintiff fell, and not surveillance video of Plaintiff in the store, of the person who caused the spill and how the spill occurred, of how and where the container of the soapy liquid was discovered, and of the Mr. Saldano at a cash register when he allegedly heard and observed certain aspects involving the container and Plaintiff just a few feet away from him.  Decl. of Berkowitz, ¶¶ 4-6; Exh. 6, *Pittman Depo.* (see highlighted portions on pgs. 44-45, 52-53, 74).

6.    Beginning in late July 2021, Plaintiff sought the PMQ depositions of Target for deposition to begin in mid-August 2021.  Target delayed the deposition of its manager PMQ deposition until November 16, 2021 (two days before this

---

[1] F.R.C.P § 26(a)(1)(E) provides that, "A party must make its initial disclosures based on the information then reasonably available to it.  A party is not excused from making its disclosure because it has not fully investigated the case…."  Section 26(a)(1)(B) provides that "a party must, without awaiting a discovery request, provide to the other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discovery information that the disclosing party may use to support its claims or defenses…."

3

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Opposition was due), and nearly three months after service of the deposition notice, contending that before such time the manager was not available to be deposed. Berkowitz Declaration at ¶ 11.

7.   Despite Plaintiff having requested all policies and procedures of Target, effective as of the day of the incident, regarding monitoring, maintenance, cleanup, and safety precautions regarding its floors, which on November 16, 2021, the manager testified existed, Defendant has failed to produce such documents.  Berkowitz Declaration at ¶ 12, referring to specific pages of Ms. Pittman's deposition.

Based upon these facts alone, Plaintiff requests:

1.   Pursuant to F.R.C.P., Rule 37(c)(1), an order that Defendant's present motion be denied, as a sanction.

2.   An order providing an adverse inference that the nonproduction or destruction of evidence by Target occurred because its contents were adverse to it with respect to having sufficient notice of the liquid on the floor in time to secure the area before Plaintiff slipped and fell thereon. See F.R.C.P., Rule 37(c)(1) and *Chroff v. MarMaxx Operating Corp.* (E.D. Pa. Apr. 7, 2020) No. 18-4712, 2020 U.S. Dist. LEXIS 60788; *see also Micron Technology, Inc. v. Rambus Inc.* (9th Cir. 2011) 645 F.3d 1311, 1320-1329.

3.   Alternatively, before ruling on the present motion for summary judgment, an opportunity for Plaintiff to make the appropriate motion under Rule 37 and applicable case law, regarding the described conduct of Defendant, and for a decision to be rendered thereupon.

With respect to the issue of actual or constructive notice of the liquid being on the floor, Target relies principally upon a witness named Luis Saldana.  Mr. Saldana is an alleged witness who, approximately 20 minutes into his deposition in this matter by Plaintiff's counsel, unilaterally decided to terminate the deposition and refused to reappear and submit to questions.  Berkowitz Declaration at ¶ 2.  A copy of Mr.

4

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Saldana's deposition transcript is attached as Exhibit 2 to the Berkowitz Declaration, with the salient questions and Mr. Saldana's responses highlighted, regarding his refusal to answer questions and the reasons for his terminating the deposition.

Mr. Saldana in effect states that "within three seconds" of hearing the loud crash of the container (believed to contain the soapy liquid), while he was at the cashier's checkout, he then heard Plaintiff fall in the same location.

As stated by both Plaintiff and her companion at Target, Verna Stewart, if they were within three seconds of the fall location while walking towards such location, that would be the equivalent of being within six to seven feet away when the first "loud" "boom" occurred with the container crashing to the floor.  They dispute this purported material fact by averring that they were both looking straight ahead, unimpeded in their view, and not distracted, and neither heard any "boom" or loud noise or a container falling on the floor.  Further, they never saw any person drop or pick up a container from such floor area.  These facts directly contradict the material testimony relied upon by Target as to how long the liquid remained on the floor before Plaintiff encountered the same.

Further, if there was a "loud" "boom" of a container falling on the floor, which Saldana heard while with the cashier, that would necessarily mean that the cashier who was in the same location would have also been in a position to hear the same and take immediate action to secure the area.  That never occurred.  See the deposition testimony of Ms. Jafari, the PMQ and executive asset protection supervisor of Target, who stated as follows:

"Q: So if a cashier close by heard a crash of a container, a

loud crash, you would expect the cashier to have looked at that spill site,

right, or -if there was one?

…

A:  If cashier heard something crashed, yes.  If they didn't hear it,

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

I wouldn't expect them to go clean anything."

Berkowitz Declaration, ¶ 2, referring to Exh. 7 of Jafari's deposition, pages 96-97.

When you combined these facts of Plaintiff and Ms. Stewart, with the failure of the duty to preserve evidence by Target, including any video of any person (whether Plaintiff, the person who walked with the subject container and dropped it, the person who later picked up the container and placed it somewhere in the store)[2], the failure to produce critical evidence including two separate incident reports, the failure to produce any requested Target procedures and policies which exist, the inexcusable failure to comply with Rule 26 regarding the disclosure of Mr. Saldana (for approximately nine months), etc., it is submitted that the motion should be denied.

## II.  LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of establishing the basis of its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate absence of a genuine issue of material fact. *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 323. The moving party has "the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." Adickes v. S.H. Kress & Co. (1970) 398 U.S. 144, 157. A fact is material if it could affect the outcome of the suit under

---

[2] It is inconceivable that the main aisle of Target, adjacent to all of the cash registers, with the best and widest scope of vision of overhead surveillance cameras depicting this area (according to the deposition testimony of Ms. Jafari), would not have produced video imaging of any part of the incident.  It is also inconceivable that none of the 30-40 working surveillance cameras in the store would not have depicted Plaintiff and the person who carried the subject container of soapy liquid as they walked throughout the store.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

applicable law. *See Anderson v. Liberty Lobby, Inc.(1986)* 477 U.S. 242, 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* The party opposing summary judgment cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'set[s] forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records* (9th Cir. 2008) 515 F.3d 1019, 1030 (quoting Fed. R. Civ. P. 56(e)).

It is well established in California that although a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe. *Ortega v. Kmart Corp* (2001) 26 Cal.4th 1200, 1205. "In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages…..A plaintiff meets the causation element by showing that (1) the defendant's breach of its duty to exercise ordinary care was a substantial factor in bringing about plaintiff's harm, and (2) there is no rule of law relieving the defendant of liability….These are factual questions for the jury to decide, except in cases in which the facts as to causation are undisputed." *Ibid.*

"The plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence. Knowledge may be shown by circumstantial evidence which is nothing more than one or more inferences which may be said to arise reasonably from a series of [proven facts….Whether a dangerous condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury, and the cases do not impose exact time limitations. Each accident must be viewed in light of its own unique circumstances….The owner must inspect the premises or take other proper action to ascertain their condition, and if, by the exercise of reasonable care the owner would have discovered the condition, he is liable for failing to correct it." *Id.* at 1206-1207.

7

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

"A store owner exercises reasonable care when it regularly inspects the premises and the required level of care corresponds to the risks involved." *Howe v. Seven Forty Two Co., Inc.* (2010) 189 Cal.App.4th 1155, 116.  For example, "A person operating a grocery and vegetable store in the exercise of ordinary care must exercise a more vigilant outlook than the operator of some other types of business where the danger of things falling to the floor is not so obvious." *Ortega, supra*, at 1210.

In the present case, Target admits that there were no sweep logs or other documents prepared for, or signed by, the employees, regarding their maintenance and monitoring of the store's aisles.  See Berkowitz Declaration, paragraph 7, referring to Ms. Jafari's deposition in which she testified there was no policy of Target in making sure that the main aisle was free and clear of any spillage.  See pg. 93 of her deposition.  Further, at best, she stated that the employees specifically monitored for spills only twice a day.  Pg. 95-96.  She also stated that Target, as of June 1, 2020, never kept records with respect to inspection of various floor areas, including the main aisle.  Pg. 96.

As stated by the court in *Ortega*, a plaintiff can demonstrate the store owner had constructive knowledge of the dangerous condition by showing that the site had not been inspected within a reasonable period of time. (Ortega v. Kmart Corp., supra, 26 Cal.4th at p. 1212.) A defendant moving for summary judgment may satisfy this burden by affirmatively showing that it (or its agent) conducted regular reasonable inspections of the area where the plaintiff was injured and/or that the plaintiff has no evidence the defendant did not conduct reasonable inspections.  Here, there is affirmative evidence that Target did not make regular inspections.

**Spoliation**

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably

8

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

foreseeable litigation. *United States v. Kitsap Physicians Svs*. (9th Cir. 2002) 314 F.3d 995, 1001. "This is an objective standard, asking not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *MicronTechnology, Inc. v. Rambus, Inc.* (9th Cir. 2011) 645 F.3d 1311, 1320.

A party's duty to preserve evidence begins when litigation is "pending or reasonably foreseeable." *Micron Technology*, 645 F.3d at 1320. Once a party is on notice of a potential claim, it is under a duty to preserve evidence which it knows, or reasonably should know, is relevant to the claim or potential litigation. *In re: Napster, Inc. v. Hummer* (N.D. Cal. 2006) 462 F.Sup.2d 1060, 1067.

Here, there is no dispute that beside the accident itself putting Target on notice to preserve evidence, it received two preservation letters within approximately 14 days of the incident, and yet still failed to preserve photographic evidence.

The party asserting it has been prejudiced by spoliation must show the spoliation materially affects its substantial rights and is prejudicial to the presentation of its case. *Micron Technology*, 645 F.3d at 1328. Here, based upon the complete lack of any surveillance footage, and further evidence of inspections and sweeps of the area, and also without the other documents withheld by Target, including two incident reports and policies and procedures, it is manifest that Plaintiff has been prejudice as a result.

///
///
///
///
///
///
///

9

## III. CONCLUSION

Based upon the foregoing facts and law, Plaintiff respectfully requests this Court to deny the motion.  Alternatively, Plaintiff requests seeks leave to file its Rule 37 motion, before any ruling is made on this motion.


Dated: November 18, 2021                    **ETEHAD LAW, APC**

*Steven Berkowitz*
_____
  Simon P. Etehad
  Steven Berkowitz
  Attorneys for Plaintiff Connie Broadous

10

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is:

150 South Rodeo Drive, Suite 350
Beverly Hills, California 90212

On November 18, 2021, I served the foregoing document described as: **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Sean R. Burnett, Esq.
Jessica Farley, Esq.
SNYDER BURNETT EGERER, LLP
5383 Hollister Avenue, Suite 240
Santa Barbara, CA 93111
Email: sburnett@sbelaw.com
jfarley@sbelaw.com

By electronic mail: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the electronic address(es) of the addressee(s) listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18, 2021, at Beverly Hills, California.

*Steven Berkowitz*
_____
Steven Berkowitz

11

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**