**ETEHAD LAW, APC**
Simon P. Etehad (SBN 186449)
simon@etehadlaw.com
Steven Berkowitz (SBN 124051)
steven@etehadlaw.com
150 South Rodeo Drive, Suite 350
Beverly Hills, California 90212
t 310.550.1220 | f 888.266.5502

Attorneys for Plaintiff Connie Taylor Broadous

**UNITED STATED DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

CONNIE TAYLOR BROADOUS

Plaintiff,

v.

TARGET CORPORATION; individually and dba TARGET STORE T-2329; and DOES 1 TO 20,

Defendants.

CASE NO.: 2:20-cv-10950 GW (JEMx)

Hon. George H. Wu

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**Date: December 9, 2021**
**Time: 8:30 a.m.**
**Ctrm: 9D**

/

*[Filed concurrently with Opposition and Declaration of Steven Berkowitz]*

Plaintiff Connie Taylor Broadous Submits this Statement of Genuine Disputes pursuant to Central District of California Local Rule 56-2 in opposition to the Motion for Summary Judgment herein filed by Defendant.

Facts 1 through 23 below correspond to the facts and supporting evidence presented in the Statement of Uncontroverted Facts filed by the moving party. These facts are followed by additional material facts and supporting evidence showing a genuine issue.

| **Defendant's Alleged Uncontroverted Facts** | **Plaintiff's Response and Supporting Evidence** |
|---|---|
| 1. On October 27, 2020, plaintiff filed the operative complaint in the Superior Court of California, County of Los Angeles in Case Number 20STCV41151. | Plaintiff agrees this is undisputed. |
| 2. The complaint alleges causes of action for negligence and premises liability arising from plaintiff's fall in a "soapy liquid spill." | Plaintiff agrees this is undisputed. |
| 3. On December 2, 2020, Target Removed this case to this Court on diversity grounds. | Plaintiff agrees this is undisputed. |
| 4. The slip and fall in this case happened on June 1, 2020, at the Target store located at 11133 Balboa Blvd. in Granada Hills, California. | Plaintiff agrees this is undisputed. |
| 5. Plaintiff slipped and fell in the main aisle near the registers. | Plaintiff agrees this is undisputed. |
| 6. On the day of the incident, plaintiff was accompanied to the store by her assistant and direct supervisee, Verna Stewart. | Plaintiff agrees this is undisputed. |
| 7. After plaintiff fell, another customer, Luis Saldana, came to plaintiff's side within seconds to assist her, while plaintiff was still on the floor at the incident location and sitting in the liquid spill | Plaintiff is unable to admit or deny. The person never identified himself. Berkowitz Decl., ¶ 2; Exh. 1, *Broadous Decl.* at ¶ 13. |

| | |
|---|---|
| | Further, Luis Saldana unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement or background. Berkowitz Decl., ¶ 3; Exh. 2, *Saldana Depo.* (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).<br><br>Further, Target has failed to provide the complete incident report, which included its interview with Luis Saldana, despite discovery request for same.<br><br>Decl. of Berkowitz, ¶¶ 4-6; Exh. 6, *Pittman Depo.* (see highlighted portions on pgs. 44-45, 52-53, 74). |
| 8. Mr. Saldana was an independent witness in that he did not work for Target and has never worked for Target | Plaintiff is unable to admit or deny. Luis Saldana unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement. |

| | |
|---|---|
| | Berkowitz Decl., ¶ 3; Exh. 2, *Saldana Depo.* (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23). |
| 9. Mr. Saldana observed the touch, smell, appearance and slippery consistency of the liquid and he determined it was a type of soap. | Plaintiff is unable to admit or deny. Luis Saldana unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement.<br>Berkowitz Decl., ¶ 3; Exh. 2, *Saldana Depo.* (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).<br><br>Further, Target has failed to provide the complete incident report, which included its interview with Luis Saldana, despite discovery request for same.<br><br>Decl. of Berkowitz, ¶¶ 4-6; Exh. 6, *Pittman Depo.* (see highlighted portions on pgs. 44-45, 52-53, 74). |
| 10. Plaintiff observed the soap spill to be clear and not dirty | Plaintiff agrees this is undisputed. |
| 11. There was nothing about the liquid that led plaintiff to believe it has been on the ground for a long period of time | Objection. Vague and ambiguous as to the term, "long period of time." Without waiving these objections, and subject to |

| | |
|---|---|
| | them, not disputed as it pertained to "the liquid." |
| 12. Approximately 33 seconds before the incident occurred, Mr. Saldana had walked through the incident location as he was making his way to a register to pay for his items | Objection. Vague and ambiguous as to "walk through the incident location" with respect to whether this means the specific location where the spill occurred, or the general area of the main aisle which also contained the spill.<br><br>Without waiving these objections, and subject to them, Plaintiff is unable to admit or deny. Luis Saldana unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement. Berkowitz Decl., ¶ 3; Exh. 2, *Saldana Depo.* (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).<br><br>Further, based upon Target's spoliation, concealment, and failure to produce requested records in this matter, including its report containing its interview of Mr. Saldana, such conduct strongly suggests Target may have |

| | |
|---|---|
| | contrary information and/or at least knowledge of the spill before Plaintiff's fall.<br><br>Decl. of Berkowitz ¶¶ 4-8, 10-12; and also referring to Ms. Pittman's deposition on pages 10, 12, 19, 24-28, 30-31, 36-37, 39-45, 47-48, 52-57, 69, 72-74), and referring to Ms. Jafari's deposition on pages 37-38, 40-41, 49, 51, 53-54, 56-57, 59-62, 75-76, 78-79, 83, 86, 90-93, 107-109, 118-119; as well as Exhibits 3-8. |
| 13. At that time, there was no liquid on the floor at the incident location. | Objection. Vague and ambiguous as to "the incident location" with respect to whether this means the specific location where the spill occurred, or the general area of the main aisle which also contained the spill.<br><br>Without waiving these objections, and subject to them, Plaintiff is unable to admit or deny. Luis Saldana unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement. |

| | |
|---|---|
| | Berkowitz Decl., ¶ 3; Exh. 2, *Saldana Depo.* (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).<br><br>Further, based upon Target's spoliation, concealment, and failure to produce requested records in this matter, including its report containing its interview of Mr. Saldana, such conduct strongly suggests Target may have contrary information and/or at least knowledge of the spill before Plaintiff's fall.<br><br>Decl. of Berkowitz ¶¶ 4-8, 10-12; and also referring to Ms. Pittman's deposition on pages 10, 12, 19, 24-28, 30-31, 36-37, 39-45, 47-48, 52-57, 69, 72-74), and referring to Ms. Jafari's deposition on pages 37-38, 40-41, 49, 51, 53-54, 56-57, 59-62, 75-76, 78-79, 83, 86, 90-93, 107-109, 118-119; as well as Exhibits 3-8. |
| 14. As Mr. Saldana walked toward the register, and before he reached the location of the incident, he passed a female customer who was carrying a bottle of soap in her hand | Plaintiff is unable to admit or deny. Luis Saldana unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions |

| | |
|---|---|
| | about the full extent of his and his companion's involvement. Berkowitz Decl., ¶ 3; Exh. 2, *Saldana Depo*. (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).<br><br>Further, based upon Target's spoliation, concealment, and failure to produce requested records in this matter, including its report containing its interview of Mr. Saldana, Plaintiff is unable to admit or deny.<br><br>Decl. of Berkowitz ¶¶ 4-8, 10-12; and also referring to Ms. Pittman's deposition on pages 10, 12, 19, 24-28, 30-31, 36-37, 39-45, 47-48, 52-57, 69, 72-74), and referring to Ms. Jafari's deposition on pages 37-38, 40-41, 49, 51, 53-54, 56-57, 59-62, 75-76, 78-79, 83, 86, 90-93, 107-109, 118-119; as well as Exhibits 3-8. |
| 15. At the register, Mr. Saldana began to unload his items onto the conveyor belt, and he heard a loud "boom" that sounded as though something was dropped. | Plaintiff does not dispute that there was a "loud boom" that sounded as though something was dropped.<br><br>Plaintiff is unable to admit or deny the remaining portion of these alleged facts. |

| | |
|---|---|
| | Luis Saldana unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement.<br>Berkowitz Decl., ¶ 3; Exh. 2, *Saldana Depo.* (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).<br><br>Further, based upon Target's spoliation, concealment, and failure to produce requested records in this matter, including its report containing its interview of Mr. Saldana, Plaintiff is unable to admit or deny.<br><br>Decl. of Berkowitz ¶¶ 4-8, 10-12; and also referring to Ms. Pittman's deposition on pages 10, 12, 19, 24-28, 30-31, 36-37, 39-45, 47-48, 52-57, 69, 72-74), and referring to Ms. Jafari's deposition on pages 37-38, 40-41, 49, 51, 53-54, 56-57, 59-62, 75-76, 78-79, 83, 86, 90-93, 107-109, 118-119; as well as Exhibits 3-8. |

| | |
|---|---|
| 16. Within three seconds of the "boom," Mr. Saldana heard a second loud noise. | Disputed to the extent that the second loud noise refers to Plaintiff falling on the floor.<br><br>As stated in the declarations of Plaintiff and Ms. Stewart, based upon the number of feet they would have been away from the scene of the liquid from three seconds away, i.e., 6-7 feet, they would have heard or seen a container dropping and creating a loud noise has it occurred within that time frame or even a longer time frame. They never heard or saw the same, despite having an unimpeded view and within hearing distance if it had occurred as described by Mr. Saldana. Decl. of Berkowitz ¶¶ 2, 9 (see Plaintiff's Declaration (Exhibit 1 at ¶¶ 4-14 and Ms. Stewart's Declaration (Exhibit 9 at ¶¶ 4-13).<br><br>Further, this is denied based upon Luis Saldana having unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement. Berkowitz |

| | |
|---|---|
| | Decl., ¶ 3; Exh. 2, *Saldana Depo.* (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).<br><br>Further, this is denied based upon Target's spoliation, concealment, and failure to produce requested records in this matter, including its report containing its interview of Mr. Saldana, this is denied.<br><br>Decl. of Berkowitz ¶¶ 4-8, 10-12; and also referring to Ms. Pittman's deposition on pages 10, 12, 19, 24-28, 30-31, 36-37, 39-45, 47-48, 52-57, 69, 72-74), and referring to Ms. Jafari's deposition on pages 37-38, 40-41, 49, 51, 53-54, 56-57, 59-62, 75-76, 78-79, 83, 86, 90-93, 107-109, 118-119; as well as Exhibits 3-8. |
| 17. He immediately took a few steps back from the register and observed an elderly woman on the floor in a puddle of liquid. | Disputed to the extent that the time period involved in "immediately" is three seconds or anywhere close to that, when he allegedly saw Plaintiff on the floor.<br><br>As stated in the declarations of Plaintiff and Ms. Stewart, based upon the number |

| | |
|---|---|
| | of feet they would have been away from the scene of the liquid from three seconds away, i.e., 6-7 feet, they would have heard or seen a container dropping and creating a loud noise has it occurred within that time frame or even a longer time frame. They never heard or saw the same, despite having an unimpeded view and within hearing distance if it had occurred as described by Mr. Saldana. Decl. of Berkowitz ¶¶ 2, 9 (see Plaintiff's Declaration (Exhibit 1 at ¶¶ 4-14 and Ms. Stewart's Declaration (Exhibit 9 at ¶¶ 4-13).<br><br>Further, this is denied based upon Luis Saldana having unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement. Berkowitz Decl., ¶ 3; Exh. 2, *Saldana Depo.* (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).<br><br>Further, this is denied based upon Target's spoliation, concealment, and |

| | |
|---|---|
| | failure to produce requested records in this matter, including its report containing its interview of Mr. Saldana, this is denied.<br><br>Decl. of Berkowitz, ¶¶ 4-8, 10-12; and also referring to Ms. Pittman's deposition on pages 10, 12, 19, 24-28, 30-31, 36-37, 39-45, 47-48, 52-57, 69, 72-74), and referring to Ms. Jafari's deposition on pages 37-38, 40-41, 49, 51, 53-54, 56-57, 59-62, 75-76, 78-79, 83, 86, 90-93, 107-109, 118-119; as well as Exhibits 3-8. |
| 18. Plaintiff does not know the soap spill came to be on the floor. | Objection. Unintelligible.<br><br>Further objection. Defendant has failed to provide two requested reports concerning the incident, prepared by its manager or its manger's assistant, as well as any video surveillance imaging of the incident or events leading to or following the incident.<br>Berkowitz Declaration, ¶¶ 4-6 (referencing Ms. Pittman's deposition in part, Exhibit 6). |

| | |
|---|---|
| | Without waiving these objections, and subject to them, Plaintiff agrees this is undisputed if it was intended to say "Plaintiff does not know how the….", then this is undisputed. |
| 19. Plaintiff does not know how long the spill was on the floor before the incident. | Objection. Defendant has failed to provide two requested reports concerning the incident, prepared by its manager or its manger's assistant, as well as any video surveillance imaging of the incident or events leading to or following the incident. Berkowitz Declaration, ¶¶ 4-6 (referencing Ms. Pittman's deposition in part, Exhibit 6).<br><br>Without waiving these objections, and subject to them, Plaintiff agrees this is undisputed. |
| 20. Plaintiff does not know of any Target Team member who knew of the spill on the floor before the incident. | Objection. Defendant has failed to provide two requested reports concerning the incident, prepared by its manager or its manger's assistant, as well as any video surveillance imaging of the incident or events leading to or following the incident. |

| | |
|---|---|
| | Berkowitz Declaration, ¶¶ 4-6 (referencing Ms. Pittman's deposition in part, Exhibit 6).<br><br>Without waiving these objections, and subject to them, Plaintiff agrees this is undisputed. |
| 21. Ms. Stewart does not know where the spill came from, including whether the spill was created by a guest or Target employee. | Objection. Defendant has failed to provide two requested reports concerning the incident, prepared by its manager or its manger's assistant, as well as any video surveillance imaging of the incident or events leading to or following the incident.<br>Berkowitz Declaration, ¶¶ 4-6 (referencing Ms. Pittman's deposition in part, Exhibit 6).<br><br>Without waiving these objections, and subject to them, Plaintiff agrees this is undisputed. |
| 22. Ms. Stewart does not know if any Target Team Member who knew of the spill on the floor before the incident. | Objection. Defendant has failed to provide two requested reports concerning the incident, prepared by its manager or its manger's assistant, as well as any video surveillance imaging of the incident or events leading to or following the incident. |

| | |
|---|---|
| | Berkowitz Declaration, ¶¶ 4-6 (referencing Ms. Pittman's deposition in part, Exhibit 6). Without waiving these objections, and subject to them, Plaintiff agrees this is undisputed. |
| 23. Ms. Stewart does not know how long the spill was on the floor before the incident. | Objection. This is identical to No. 19 above. Plaintiff incorporates the same response as in No. 19. |

Dated: November 18, 2021

**ETEHAD LAW, APC**

Steven Berkowitz

Simon P. Etehad
Steven Berkowitz
Attorneys for Plaintiff Connie Broadous

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is:

150 South Rodeo Drive, Suite 350
Beverly Hills, California 90212

On November 18, 2021, I served the foregoing document described as: **PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Sean R. Burnett, Esq.
Jessica Farley, Esq.
SNYDER BURNETT EGERER, LLP
5383 Hollister Avenue, Suite 240
Santa Barbara, CA 93111
Email: sburnett@sbelaw.com
jfarley@sbelaw.com

By electronic mail: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the electronic address(es) of the addressee(s) listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18, 2021, at Beverly Hills, California.

Steven Berkowitz
Steven Berkowitz