**SNYDER BURNETT EGERER, LLP**
**Sean R. Burnett (SB# 227952)**
**Jessica Farley (SB# 280123)**
5383 Hollister Avenue, Suite 240
Santa Barbara, California 93111
Telephone No.:  805.692.2800
Facsimile No.:   805.692.2801
sburnett@sbelaw.com
jfarley@sbelaw.com

Attorneys for Defendant TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CONNIE TAYLOR BROADOUS, | Case No. 2:20-cv-10950 GW (JEMx) |
| Plaintiff, | Hon. George H. Wu |
| v. | |
| TARGET CORPORATION; individually and dba TARGET STORE T-2329; and DOES 1 to 20, | **DEFENDANT TARGET CORPORATION'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | **Date:**    **December 9, 2021** <br> **Time:**    **8:30 a.m.** <br> **Ctrm:**    **9D** |
| _____/ | *[Filed concurrently with Response to Plaintiff's Statement of Genuine Disputes; Reply Declaration of Jessica Farley; Request for Evidentiary Ruling on Specified Objections; and [Proposed] Order on Evidentiary Objections]* |

**TO THE COURT AND TO PLAINTIFF AND HER ATTORNEY OF**

**RECORD:**

Defendant Target Corporation ("Target") hereby submit its Reply in Support

of Motion for Summary Judgment.

i

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

1. **SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFF CANNOT ESTABLISH THAT TARGET CREATED THE SPILL OR HAD ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF THE SPILL**.................................................................................................1

2. **SUMMARY JUDGMENT SHOULD ALSO BE GRANTED BECAUSE TARGET HAS SET FORTH AFFIRMATIVE EVIDENCE NEGATING IT HAD NOTICE OF THE SPILL**...............................................................2

3. **PLAINTIFF'S COMPLAINTS ABOUT MISSING EVIDENCE REFLECT HER FAILURE TO DILIGENTLY PURSUE DISCOVERY—NOT CONCEALMENT, SPOLIATION, OR OBSTRUCTION OF DISCOVERY BY TARGET**......................................5

   A. **Plaintiff Had Knowledge That Target Was Not Producing Privileged Reports When Target Served Its September 14, 2021, Discovery Responses**.................................................................................6

   B. **All Policies and Procedures Requested By Plaintiff Were Offered to Plaintiff on September 14, 2021, and Produced to Plaintiff on October 4 After Plaintiff Executed the Stipulated Protective Order**.7

   C. **Plaintiff's Assertion That Target Delayed the Deposition of Its "Manager PMQ" Until November 16, 2021, Is False; Target Had A Rule 30(B)(6) Witness Available to Testify on October 8, and Plaintiff Elected to Wait for Ms. Pittman to Return From A Leave of Absence**.............................................................................8

   D. **Target Identified Luis Saldana to Plaintiff on September 1, 2021, Shortly After Target Made Contact With Mr. Saldana**.........................9

   E. **Plaintiff Did Nothing to Subpoena Mr. Saldana for Deposition**........10

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

ii

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**F.  The Location of the Incident Was Not Captured By Any Security Camera** ........................................................................................ 11

**4.  SANCTIONS SHOULD NOT BE GRANTED UNDER RULE 37 BECAUSE TARGET COMPLIED WITH RULE 26(a) and (e)** .............. 11

**5.  PLAINTIFF'S SPOLIATION ARGUMENTS LACK MERIT** ................ 14

**A.  Plaintiff's Spoliation Arguments Are Untimely** ...................................... 14

**B.  Plaintiff Has Not Demonstrated That Target Spoliated Evidence** .... 15

*1)  Target Is Not Guilty of Spoliation Because No Video of the Incident Ever Existed* ...................................................................... 15

*2)  Plaintiff Has Failed to Demonstrate How Video of Things Other Than the Incident Would Be "Favorable to Her Cause"* ................... 17

**6.  THE COURT SHOULD CONSIDER THE FACT THAT PLAINTIFF FILED AND SERVED HER OPPOSITION A DAY LATE** ...................... 17

**7.  CONCLUSION** ............................................................................................ 17

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

iii

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*

(1986) 477 U.S. 242 (1986) ........................................................................... 1

*Celotex Corp. v. Catrett*

477 U.S. 317 (1986) ..................................................................................... 1, 2

*Cleveland v. Policy Mgmt. Systems Corp.*

526 U.S. 795, 806 (1999) ................................................................................ 3

*Epstein v. Toys-R-Us Del., Inc.*

277 F. Supp. 2d 1266 (S.D. Fla. 2003) ......................................................... 15

*Felix v. GMS, Zallie Holings, Inc*.

501 Fed. Appx. 131 (3d Cir. 2012) ............................................................... 16

*Ferrone v. Onorato*

98 Fed. App'x. 190 (3rd Cir. 2008) ............................................................... 14

*Ferrone v. Onorato*

No. 05-303, 2007 WL 2973684 (W.D. Pa. Oct. 9, 2007) ............................. 14

*Galicia v. National Railroad Passenger Corp.*

No. 17-8020-JFW (JCx), 2018 WL 6314191 (C.D. Cal. July 20, 2018).......15, 16

*Glenn v. Scott Paper Co*.

No. 92-1873, 1993 WL 431161 (D.N.J. Oct. 20, 1993) ............................... 14

*Khajehnouri v. Target Corporation*

No. 219CV04733FLAKSX, 2021 WL 2497951 (C.D. Cal., Apr. 30, 2021) ......14

*Larios v. Lunardi*

442. F.Supp. 3d 1299 (E.D. Cal. 2020) ........................................................ 14

*Navedo v. Nalco Chem., Inc*.

848 F. Supp. 2d 171 (D.P.R. 2012) .............................................................. 14

*Orellana v. County of Los Angeles*

No. CV1201944MMMCWX, 2013 WL 12129290 (C.D. Cal., June 26, 2013)..12

iv

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

*Ortega v. Kmart Corp.*

    26 Cal.4th 1200, 1205 (Cal. 2001)............................................................................1

*Pace v. Wal-Mart Stores East, LP*

    799 Fed. Appx. 127 (3d Cir. 2020). ......................................................................16

*Putscher v. Smith's Food & Drug Ctrs., Inc.*

    No. 2:13-cv-1509-GMN-VCF, 2014 WL 2835315 (D. Nev. June 20, 2014) .....16

*Rhabarian v. Cawley*

    No. 10-cv-00767, 2014 WL 546015 (E.D. Cal. Feb. 11, 2014) ..........................14

*Scalia v. Cnty. of Kern*

    No. 1:17-cv-1097-JLT, 2020 U.S. Dist. LEXIS 187298 (E.D. Cal. Oct. 8, 2020)

    ..................................................................................................................15, 16

*Sherwood Invs. Overseas Ltd. Inc. v. Royal Bank of Scotland*

    No. 6:10-bk-00584-KSJ, 2015 Bankr. LEXIS 2513 (M.D. Fl. July 22, 2015) ...15

*United States v. Town of Colo. City*

    No. 3:12-cv-08123-HRH, 2014 WL 3724232 (D. Ariz. July 28, 2014)..............15

*Yeti by Molly v. Deckers Outdoor Corp.*

    259 F.3d 1101 (9th Cir. 2001)...............................................................................12

**Rules**

Fed. R. Civ. Proc. 26(a)(1)(A).....................................................................................12

Fed. R. Civ. Proc. 26(e) ...............................................................................................12

Fed. R. Civ. Proc. 37(a) ...............................................................................................13

Fed. R. Civ. Proc. 37(b)(1) ..........................................................................................13

Fed. R. Civ. Proc. 37(c)(1) ..........................................................................................12

Fed. R. Civ. Proc. 56(c) .................................................................................................1

Fed. R. Civ. Proc. 56(e) .................................................................................................1

**Treatises**

6 MOORE'S FEDERAL PRACTICE § 26.27(2)(d) at 26–94 (3d ed. 2005) .........13

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

v

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**1.    SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFF CANNOT ESTABLISH THAT TARGET CREATED THE SPILL OR HAD ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF THE SPILL**

On a motion for summary judgment, the moving party bears the initial burden of demonstrating the absence of a fact necessary for at least one element of each cause of action being alleged. [*See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).]  If this initial burden is met, the opposing party can only defeat the motion if it sets out specific facts that show a genuine issue to be tried. [*Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 242, 250 (1986); *see also* Fed. R. Civ. P. 56(c), (e).]

Here, plaintiff alleges negligence and premises liability arising from plaintiff's slip and fall on a liquid spill.  Plaintiff therefore must prove duty, breach, causation, and damages. [*Ortega v. Kmart Corp.*, 26 Cal.4th 1200, 1205 (Cal. 2001).]  To establish causation, plaintiff must point to admissible evidence demonstrating that Target either caused the spill or had actual or constructive knowledge of the spill. [*Id.* at 1205-06.]

According to UF #18 and #21, which are not disputed by plaintiff, neither plaintiff nor her assistant, Ms. Stewart, know how the soap spill came to be on the floor.  Thus, plaintiff has no evidence that Target created the spill.

According to UF #20 and #22, which are not disputed by plaintiff, neither plaintiff nor Ms. Stewart know of any Target Team Member who knew of the spill on the floor before the incident.  Thus, plaintiff has no evidence that Target had actual knowledge of the spill.

And finally, according to UF #19 and #23, which are not disputed by plaintiff, neither plaintiff nor Ms. Stewart know how long the spill was on the floor

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

1

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

before the incident.  Thus, plaintiff has no evidence that Target had constructive knowledge of the spill.

Plaintiff's failure to present any evidence toward her burden of establishing that Target created the spill or had knowledge of the spill is sufficient, in and of itself, to grant summary judgment. [*Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 324-25 (holding that on a motion for summary judgment, the moving party can prevail merely by illustrating to the court there is an absence of evidence to support the nonmoving party's claims).]

## 2. SUMMARY JUDGMENT SHOULD ALSO BE GRANTED BECAUSE TARGET HAS SET FORTH AFFIRMATIVE EVIDENCE NEGATING IT HAD NOTICE OF THE SPILL

Even though the burden to establish notice falls on plaintiff, Target's has set forth affirmative evidence establishing that it did *not* have constructive notice of the spill.  This evidence serves as additional grounds to grant summary judgment.

The declaration of Luis Saldana, an independent witness, is the *only* evidence pertaining to spill creation.  Mr. Saldana's declaration establishes that: (1) he was through the incident location just 30 seconds before the spill was created and 33 seconds before the incident occurred, and there was no spill present at that time, and (2) the spill was created just three seconds before the incident. [UF #12-17.]

Plaintiff relies on her own declaration and the declaration of Verna Stewart, her direct supervisee, in an apparent attempt to dispute Mr. Saldana's account that the spill was created just three seconds before the incident occurred.[1]  The declarations are silent as to Mr. Saldana's account that he walked through the exact

---

[1] As set forth in Target's concurrently-filed Request for Evidentiary Ruling on Specified Objections, critical portions of these declarations are speculative and lack foundation and therefore cannot be relied upon.

2

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

incident location just 30 seconds before the spill was created and 33 seconds before the incident occurred, at which point there was nothing on the floor.

According to plaintiff's declaration, she walked at a rate of 6-7 feet every three seconds. [*Doc. 31-1*, p. 10, lines 15-16.] By plaintiff's own account, she would have been roughly 60-70 feet away from the incident location at the time Mr. Saldana walked through that location 30 seconds before the spill was created. Plaintiff and Ms. Stewart have provided no evidence to suggest whether they would have seen or heard the spill being created at that distance.  At best, they claim they would have seen or heard the spill being created at a distance of 20-30 feet away. [*Doc. 31-1*, p. 12, lines 6-8.]

To the extent the declarations suggest there was a nearby cashier who should have known about the spill before the incident, the declarations are problematic because they contradict prior deposition testimony by both plaintiff and Ms. Stewart. [*See Cleveland v. Policy Mgmt. Systems Corp.*,  526 U.S. 795, 806 (1999) (holding that a party cannot create an issue of fact on a summary judgment motion via a declaration that contradicts prior sworn testimony).]

In her declaration, plaintiff claims she slipped and fell "approximately 8-10 feet away from the nearest cashier on duty." [*Doc. 31-1*, p. 10, lines 19-22.] However, at deposition, the following exchanges occurred:

Q:     Was there any checker manning the checkstand closest to where the fluid was on the ground, if you know?

A:     I don't know. I don't know.

[Exhibit 6 to *Reply Declaration of Jessica Farley* (*"Farley Reply Dec."*), ¶3, *Plf Depo.*, 36:4-7.]

Q:     Did you see any team members in the general vicinity near the fluid right before you slipped?

A:     No, I did not.

[*Id.* at 43:6-9.]

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Similarly, Ms. Stewart stated in her declaration that plaintiff slipped and fell "approximately 8-10 feet away from the nearest cashier on duty." [*Doc. 31-1*, p. 332, lines 19-22.] But at deposition, Ms. Stewart testified as follows:

Q:    And approximately where did she fall in relationship to the registers?

A:    I believe the register – if you're going back to where the front of the store, it starts with register 23, then 21 then 19 and so on. So I'm going to say she was between 23 and 21 **but closer to 23** and to the left of it.

Q:    Were there any Target team members – they call the employees team members. Were there any team members manning cash register 23 at the time of the fall?

A:    No.

Q:    Were there any team members manning register 21 at the time of the fall?

A:    Yes.

…

Q:    When was the first time you saw somebody at check lane 21, a cashier?

A:    A cashier, when I – when Connie asked me to make her purchase.

Q:    Did you notice if the light at check stand 21 was on?

A:    Yes, it was.

Q:    Let me just ask the whole question. I know you're smart enough to know where I'm going. But when – when Ms. Broadous fell, did you notice that there was a light on at check stand 21 or is that something you discovered when you went to purchase her item for her?

A:    Only when I went to purchase the item.

///

///

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Q:     Okay. So what I'm trying to get at is do you know that there was a cashier at check stand 21 when Ms. Broadous fell or you just know that there was on there when you went to purchase those items?

A:     I think – no. There was a cashier there because there had been people in that aisle.

Q:     Okay. So you saw people in line at check stand 21?

A:     Correct.

Q:     At the time of the fall?

A:     At some point – at the time of the fall I was concentrating on Connie.

[Exhibit 7 to *Farley Reply Dec.*, ¶4, *Stewart Depo.*, 20:7-19; 31:13-32:10.]

Q:     Do you know where the nearest Target team member was when Ms. Broadous fell?

A:     No, I do not.

[*Id.* at 45:15-17.]

The undisputed evidence is that Mr. Saldana observed a spill-free floor when he walked through the incident location 33 seconds before the incident—and, if the Court sustains Target's evidentiary objections to the declarations of plaintiff and Ms. Stewart, the spill was created three seconds before the incident.  By either measure, mere seconds is an insufficient period of time to establish constructive knowledge as a matter of law.

**3.     PLAINTIFF'S COMPLAINTS ABOUT MISSING EVIDENCE REFLECT HER FAILURE TO DILIGENTLY PURSUE DISCOVERY—NOT CONCEALMENT, SPOLIATION, OR OBSTRUCTION OF DISCOVERY BY TARGET**

Having no actual evidence to defeat summary judgment, plaintiff has focused her opposition on accusing Target of concealing information.  Although these accusations have nothing to do with the basis of Target's motion, Target will address each of these accusations below, as succinctly as it can.

5

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## A.    Plaintiff Had Knowledge That Target Was Not Producing Privileged Reports When Target Served Its September 14, 2021, Discovery Responses

Target served verified responses to Set One of Form Interrogatories (agreed to by the parties), Interrogatories and Request for Production of Documents on September 14, 2021. [Exhibits 8-10 to *Farley Reply Dec.*, ¶¶5-7.]  In those responses, Target indicated it was withholding information about "statements" and "reports" pursuant to the attorney-client privilege and work product doctrine. Target produced all non-privileged and non-confidential responsive documents (confidential documents would be produced once a Stipulated Protective Order was signed). [*Farley Reply Dec.*, ¶8.]

At no point did plaintiff meet and confer about these responses. [*Farley Reply Dec.*, ¶9.]  Plaintiff served this discovery on Target on July 15, 2021. [*Farley Reply Dec.*, ¶10.]  Fact discovery closed on October 15, 2021. [*Farley Reply Dec.*, ¶11.]

As plaintiff indicates via Exhibit 5 to her opposition, she repeated her requests for documents in the Rule 30(b)(6) deposition notice. [*Doc. 31-1*, p. 85.] Target repeated its previously-stated objections of attorney-client privilege and work product and confirmed that all non-privileged responsive documents had previously been produced in written discovery. [Exhibit 11 to *Farley Reply Dec.*, ¶12.]  Plaintiff did not meet and confer with Target about its response to the deposition notice. [*Farley Reply Dec.*, ¶13.]

Contrary to what plaintiff claims in the opposition, Mr. Saldana did not provide a "witness statement" or write a report on the day of the incident. [*Farley Reply Dec.*, ¶14.]  The only writing by Mr. Saldana that is known to Target is the declaration of Mr. Saldana that was produced in support of Target's motion. [*Id.*] As discussed below, this exact declaration was provided to plaintiff on September 10, 2021. [*Id.*]

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

6

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The testimony that plaintiff cites in support of her assertion that a "witness statement" by Mr. Saldana exists is that of Anita Pittman. However, Ms. Pittman did not testify that Mr. Saldana provided a statement. She testified that there was a "report with his name and phone number on there."

Plaintiff also contends there was a third report prepared by Ruth Ruelas. This is not so. Ms. Ruelas did not prepare a report or statement. [*Farley Reply Dec.*, ¶15.] Again, plaintiff relies on the deposition testimony of Ms. Pittman. However, Ms. Pittman only testified that she would have expected Ms. Ruelas to prepare a report. Ms. Pittman testified that she did not have a specific memory of whether Ms. Ruelas actually prepared a report related to the incident. [*Doc. 31-1*, p. 158, lines 2-5.]

It must also be noted that in its September 14 responses to Interrogatories, Target identified Ms. Ruelas as the team member who identified the liquid on the floor after the incident and "spoke with guest Luis Saldana who provided information about the cause of the spill." [Exhibit 9 to *Farley Reply Dec.*, ¶6.] Despite having this information, and despite knowing from Target's supplemental disclosures that Ruth Ruelas was initially going to be the Rule 30(B)(6) regarding the incident while Ms. Pittman was out on a leave of absence, plaintiff did not set Ms. Ruelas' deposition. [Exhibit 12 to *Farley Reply Dec.*, ¶¶16-17.]

**B.  All Policies and Procedures Requested by Plaintiff Were Offered to Plaintiff on September 14, 2021, and Produced to Plaintiff on October 4 After Plaintiff Executed the Stipulated Protective Order**

In response to the discovery requests discussed in the preceding section, Target indicated that it would only produce certain confidential policies and procedures pursuant to a Stipulated Protective Order. [*Farley Reply Dec.*, ¶8.] Target provided the Stipulated Protective Order to plaintiff on September 14, 2021. [Exhibit 13 to *Farley Reply Dec.*, ¶18.] Plaintiff did not return the signed

7

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Stipulated Protective Order until after business hours on Friday, October 1—and only after defense counsel followed up with plaintiff's counsel on September 17, September 24, September 28, and twice on October 1. [*Id.*] Target immediately produced its confidential document production to plaintiff after executing the Stipulated Protective Order on the morning of Monday, October 4. [*Id.*]

**C. Plaintiff's Assertion That Target Delayed the Deposition of Its "Manager PMQ" Until November 16, 2021, Is False; Target Had A Rule 30(B)(6) Witness Available to Testify on October 8, and Plaintiff Elected to Wait for Ms. Pittman to Return from A Leave of Absence**

Target was prepared to produce a Rule 30(B)(6) witness to testify about the incident investigation on October 8, 2021. On October 4, plaintiff served a notice to depose Anita Pittman as a percipient witness. At that time, Ms. Pittman was on a leave of absence from work and unavailable to testify. Her expected return to work date was the first week of November. [Exhibit 14 to *Farley Reply Dec.*, ¶19.]

Defense counsel met and conferred with plaintiff's counsel about this situation. [*Id.*] Defense counsel indicated that if plaintiff wanted to take one less deposition, Ms. Pittman could also testify as the Rule 30(B)(6) witness in lieu of the witness scheduled to testify on October 8. [*Id.*] Defense counsel made it clear that if plaintiff did not want to wait until early November to depose the Rule 30(B)(6), a Rule 30(B)(6) witness would be available to testify on October 8. [*Id.*] Plaintiff's counsel declined this offer and chose to wait until Ms. Pittman returned to depose her as a percipient witness and as the Rule 30(B)(6). [*Id.*]

Ms. Pittman returned to work on November 3, 2021. [*Farley Reply Dec.*, ¶20.] On November 9, 2021, Target promptly provided Ms. Pittman's deposition availability to plaintiff. [Exhibit 14 to *Farley Reply Dec.*, ¶¶19, 21.] The first available date that Ms. Pittman could be deposed was November 16, 2021, which is when her deposition occurred. [*Farley Reply Dec.*, ¶21.]

8

SNYDER BURNETT EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Target offered to move the hearing on this motion for summary judgment to allow plaintiff to depose Ms. Pittman before the deadline for plaintiff's opposition. [*Farley Reply Dec.*, ¶22.] After meeting and conferring, the parties agreed to a new hearing date of December 9, 2021. [*See Stipulation* at *Doc. 29.*]

### D.   Target Identified Luis Saldana to Plaintiff on September 1, 2021, Shortly After Target Made Contact With Mr. Saldana

At the time Target served its Rule 26 Initial Disclosures, Target and its counsel had not had any contact with Mr. Saldana because the phone number it had for Mr. Saldana was out of service. [*Farley Reply Dec.*, ¶23.] Target was unable to determine whether Mr. Saldana had information on which Target would rely. [*Id.*]

After defense counsel conducted an investigation that took several hours of cold-calling various individuals named "Luis Saldana" or potentially related to a "Luis Saldana," Target was able to locate an in-service phone number for Mr. Saldana. [*Farley Reply Dec.*, ¶24.] Upon speaking with Mr. Saldana, Target determined it would rely on Mr. Saldana as a witness. [*Id.*] It was at this point that Target first received an email address for Mr. Saldana. [*Id.*] Mr. Saldana declined to provide an address to Target. [*Id.*] To this day, Target does not know the address of Mr. Saldana. [*Farley Reply Dec.*, ¶25.]

On or about August 17, 2021, defense counsel prepared a draft declaration for Mr. Saldana to review and sign. [*Farley Reply Dec.*, ¶26.] The declaration reflects the substance of Target's telephone discussion with Mr. Saldana. [*Id.*] After making revisions to the declaration, Mr. Saldana signed and returned the declaration to Target on August 18, 2021. [*Farley Reply Dec.*, ¶27.]

On September 1, 2021, defense counsel provided the name, phone number, and email address for Mr. Saldana to plaintiff's counsel via email. [Exhibit 15 to *Farley Reply Dec.*, ¶28.] On September 10, 2021, defense counsel produced the declaration to plaintiff's counsel via email. [Exhibit 16 to *Farley Reply Dec.*, ¶29.] Also on September 10, 2021, Target served Supplemental Initial Disclosures that

SNYDER BURNETT EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

listed Mr. Saldana as a witness that Target would rely on. [Exhibit 12 to *Farley Reply Dec.*, ¶16.] The supplemental disclosures did not list Mr. Saldana's declaration as a supporting document because the declaration would constitute inadmissible hearsay at trial. [*Id.*]

Plaintiff had the name, phone number and email of Mr. Saldana as early as September 1, approximately 6 weeks before the fact discovery cut-off on October 15. To moving party's knowledge, plaintiff did nothing to make contact with Mr. Saldana or subpoena him for deposition. In fact, plaintiff requested that counsel for Target communicate with Mr. Saldana to coordinate plaintiff's October 2nd deposition of Mr. Saldana. [*Farley Reply Dec.*, ¶30.]

**E.     Plaintiff Did Nothing to Subpoena Mr. Saldana for Deposition**

Mr. Saldana agreed to be deposed without being served with a subpoena. [*Doc. 31-1*, p. 39, lines 9-11.] He was not represented by an attorney. [*Farley Reply Dec.*, ¶31.] Mr. Saldana repeatedly expressed that he agreed to be deposed in order to testify about his memory of the incident, and that if plaintiff's counsel wanted to ask him about his personal background, he wanted to retain an attorney. [*Doc. 31-1*, p. 36, lines 7-14; p. 38, lines 13-19; p. 44, lines 15-18.] After plaintiff's counsel continued to ask questions that Mr. Saldana was not comfortable answering without an attorney, and indicated that he might do a background search on Mr. Saldana, Mr. Saldana indicated he felt harassed and eventually left the deposition. [*Doc. 31-1*, p. 39, lines 14-20; p. 40, lines 5-10; p. 44, lines 15-18; p. 45, line 4.]

Before Mr. Saldana left the deposition, he stated that he could be reached via phone or email, and that he would accept service of a trial subpoena via his email, which was known to all parties. [*Doc. 31-1*, p. 42, lines 3-9.]

Mr. Saldana was deposed on October 2, 2021. The fact discovery cut-off in this case was October 15, 2021. To moving party's knowledge, plaintiff has made no effort to subpoena Mr. Saldana for a second session of his deposition, in spite of

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

10

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

the fact that Mr. Saldana testified he would accept service of a subpoena via email. [*Farley Reply Dec.*, ¶32.]  Between October 2 and October 15, counsel for the parties had a telephone conference in which plaintiff's counsel specifically denied trying to reach out to Mr. Saldana again. [*Id.*]

**F.      The Location of the Incident Was Not Captured by Any Security Camera**

Plaintiff finds it inconceivable that video of the incident never existed.  She assumes throughout the opposition that such video evidence existed and was subsequently not preserved or deliberately concealed.

However, according to Target's discovery responses, video of the incident does not exist.  And according to the deposition testimony of Anita Pittman and Laleh Jafari—who was designated as Target's Person Most Qualified on Target's security camera system—video of the incident never existed because it occurred outside the field of view of the non-dummy security cameras that were in place at the time of the incident.

Plaintiff's arguments about video other than where the incident occurred are a red herring.  First, plaintiff has focused on the cameras that were over the checkstands.  She has no foundation for the location of other cameras throughout the entire store or what their fields of view would have been back in 2020.  Second, video footage of plaintiff or the soap-spiller walking throughout the rest of the store is not relevant to this motion, where plaintiff slipped and fell where the spill was created.

**4.      SANCTIONS SHOULD NOT BE GRANTED UNDER RULE 37 BECAUSE TARGET COMPLIED WITH RULE 26(a) and (e)**

Under Rule 26(a)(1)(A), "a party must, without awaiting a discovery request, provide to other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information— along with the subjects of that information—**that the disclosing party may use to**

11

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**support its claims or defenses**, unless the use would be solely for impeachment." [(emphasis added).] A party also "must supplement or correct its disclosure ... if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." [Fed. R. Civ. Proc. 26(e).]

Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless the failure was substantially justified or is harmless**." [Fed. R. Civ. Proc. 37(c)(1); *Yeti by Molly v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (emphasis added).] A failure to disclose witness information is harmless "if the other party was well aware of the identity of the undisclosed witness and the scope of their relevant knowledge well before trial." [*Orellana v. County of Los Angeles*, No. CV1201944MMMCWX, 2013 WL 12129290, at *6 (C.D. Cal., June 26, 2013) (citing 6 MOORE'S FEDERAL PRACTICE § 26.27(2)(d) at 26–94 (3d ed. 2005)).]

For example, this Court in *Orellana* held that defendant's failure to disclose the identity of a witness was harmless where plaintiff knew of the witness and his role before the discovery cut-off date. [*Orellana, supra,* 2012 WL 12129290, at *7.] The Court explained that plaintiff could not "credibly claim that the failure to disclose [the witness] harmed her in preparation for trial" because "[plaintiff] knew of [the witnesses'] identity and knew [the witness] possessed potentially relevant information, [plaintiff] could have easily have deposed [the witness] or conducted appropriate investigation concerning the facts in his possession." [*Id.* at *7.]

At the time Target served its initial disclosures, it did not have an operational phone number for Mr. Saldana or any other way to get in contact with him. Target was unable to determine whether it would "use" Mr. Saldana "to

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

support its claims or defenses." For these reasons, Target did not identify Mr. Saldana. It was only through defense counsel's efforts that Target was able to find a phone number for Mr. Saldana that worked. Shortly after Target spoke with Mr. Saldana and confirmed it would rely on him in its defense, it disclosed Mr. Saldana's name, phone number, and email to plaintiff's counsel via email, followed soon thereafter by Target's supplemental disclosures.

Plaintiff has known Mr. Saldana's name and contact information since September 1. She has had a copy of Mr. Saldana's declaration since September 10. Plaintiff deposed Mr. Saldana on October 2, at which deposition Mr. Saldana agreed to accept service of a subpoena via email. All of this pre-dated the October 15 fact discovery cut-off.

Clearly, plaintiff had more than ample opportunity to contact Mr. Saldana informally and/or subpoena him for a deposition. Plaintiff has not been harmed or prejudiced in any way by the timing of Target's identification of Mr. Saldana to her. As such, even if the Court finds that Target should have disclosed Mr. Saldana sooner, the error was harmless.

Plaintiff also accuses Target of withholding reports of the incident. However, as set forth above, Target indicated in its discovery responses that it was not producing documents that were privileged. Plaintiff failed to meet and confer, even though she had time to do so. This would have been the appropriate time and vehicle to seek the reports plaintiff now claims have been improperly concealed. [See Fed. R. Civ. Proc. 37(a) and (b)(1) (setting for motion to compel procedure and providing that sanctions are only available if a party successfully moves to compel and the opposing party fails to obey the court's order).] Target does not intend to "use" these documents to supports its defenses in this case, and so it did not identify the privileged documents in its disclosures.

For these reasons, plaintiff's request for relief under Rule 37 should be denied.

SNYDER BURNETT EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

13

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## 5.    PLAINTIFF'S SPOLIATION ARGUMENTS LACK MERIT

### A.    Plaintiff's Spoliation Arguments Are Untimely

Courts have deemed spoliation claims untimely when they are not raised until after the close of discovery or are raised in opposition to summary judgment. For example, in *Khajehnouri v. Target Corporation*, this Court held that it would not deny Target's motion for summary judgment where plaintiff failed to: (1) make any motion to compel production of surveillance footage; (2) raise the issue of spoliation prior to his opposition; and (3) failed to seek relief under Fed. R. Civ. P. 56(d) which allows, in appropriate circumstances, for a court to defer consideration of a motion for summary judgment and order additional discovery. [No. 219CV04733FLAKSX, 2021 WL 2497951, at \*4–5 (C.D. Cal., Apr. 30, 2021).]

Likewise, in *Rhabarian v. Cawley*, No. 10-cv-00767, 2014 WL 546015, at \*3 (E.D. Cal. Feb. 11, 2014), the Eastern District found a spoliation claim untimely when a party raised it after the close of discovery. The court found that although "Plaintiffs' allegations of spoliation [were] troubling...the time to raise these issues was during discovery, and not after the deadline for dispositive motions." [*Id.*]

Numerous other courts have reached the same results. [See, e.g., *Ferrone v. Onorato*, No. 05-303, 2007 WL 2973684 \*10 (W.D. Pa. Oct. 9, 2007), aff'd, 298 Fed. App'x. 190 (3rd Cir. 2008) (spoliation argument should have been made in "appropriate discovery motion," and not in "opposition to summary judgment"); *Larios v. Lunardi*, 442. F.Supp. 3d 1299, 1305-06 (E.D. Cal. 2020) (denying plaintiff's motion for spoliation sanctions after discovery closed and the dispositive motion deadline passed); *Navedo v. Nalco Chem., Inc.*, 848 F. Supp. 2d 171, 204 (D.P.R. 2012) (holding spoliation motion untimely because, in addition to the other factors, it was filed after summary judgment); *see also Glenn v. Scott Paper Co.*, No. 92-1873, 1993 WL 431161 at \*17, n.3 (D.N.J. Oct. 20, 1993) (spoliation argument presented to defend a summary judgment motion was untimely, as the plaintiff did not raise the issues "during the discovery phase or bring them to the

14

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

attention of the magistrate [judge]"); *Sherwood Invs. Overseas Ltd. Inc. v. Royal Bank of Scotland*, 6:10-bk-00584-KSJ, 2015 Bankr. LEXIS 2513 at \*16 (M.D. Fl. July 22, 2015) (observing that "[s]poliation issues should be broached well in advance of any dispositive motion deadline").]

Here, plaintiff has known since at least September 14 that Target has no video of the incident, of plaintiff, or of the spill-maker. This was confirmed at the deposition of Target's Rule 30(B)(6) re Target's security system on October 4. Fact discovery closed on October 15 and was also the last day for any discovery motions to be heard. Plaintiff took no steps to timely address her spoliation claims. In line with cases cited above, plaintiff's spoliation arguments are untimely and should not be considered in ruling on Target's motion for summary judgment.

**B.  Plaintiff Has Not Demonstrated That Target Spoliated Evidence**

The party asserting spoliation must "establish a reasonable possibility, based on concrete evidence rather than a fertile imagination, that access to the lost material would have produced evidence favorable to its cause." [*Galicia v. National Railroad Passenger Corp*., No. 17-8020-JFW (JCx), 2018 WL 6314191, at \*4 (C.D. Cal. July 20, 2018) (quoting *United States v. Town of Colo. City*, No. 3:12-cv-08123-HRH, 2014 WL 3724232, at \*7 (D. Ariz. July 28, 2014)).] As described below, plaintiff has failed to prove a spoliation inference is warranted.

### 1) *Target Is Not Guilty of Spoliation Because No Video of the Incident Ever Existed*

Logically, "to prevail on a claim for the destruction of a videotape, Plaintiff must, at a minimum, point to some facts indicating that such a video exists." [*Scalia v. Cnty. of Kern*, No. 1:17-cv-1097-JLT, 2020 U.S. Dist. LEXIS 187298, at \*19 (E.D. Cal. Oct. 8, 2020) (citing *Epstein v. Toys-R-Us Del., Inc.*, 277 F. Supp. 2d 1266, 1277 (S.D. Fla. 2003)).]

Although the Ninth Circuit Court of Appeal has not addressed spoliation in the context of video preservation, the Third Circuit addressed it in two recent

cases. The first case is *Felix v. GMS, Zallie Holings, Inc.*, 501 Fed. Appx. 131, 136 (3d Cir. 2012). In *Felix*, the Third Circuit upheld a district court's denial of a spoliation inference when ruling on a motion for summary judgment in a slip-and-fall case when the defendants only submitted video of the plaintiff on the floor, but not the events leading up to the fall. [*Id.*] Because the plaintiff "had not provided any evidence that the cameras had in fact captured the fall," no unfavorable inference could be drawn. [*Id.*]

More recently, the Third Circuit addressed the issue in *Pace v. Wal-Mart Stores East, LP*, 799 Fed. Appx. 127, 130 (3d Cir. 2020). In *Pace*, a slip and fall case, the plaintiff argued Wal-Mart destroyed or suppressed surveillance video footage that captured his fall and claimed the missing video footage would have established that Wal-Mart created or knew about the liquid on the floor. On appeal, the Third Circuit held that the District Court did not abuse its discretion in refusing to find spoliation because plaintiff could not show that the alleged video ever existed in the first place as his fall occurred in a "blind spot." [*Id.*]

Similarly, this Court and other courts in the Ninth Circuit have held that spoliation sanctions should not be imposed where plaintiff fails to present evidence that the incident was actually captured by the cameras. [*See e.g., Scalia*, *supra*, 2020 U.S. Dist. LEXIS 187298, at *19; *Galicia*, *supra*, 2018 WL 6314191, at *4; *Putscher v. Smith's Food & Drug Ctrs., Inc.*, No. 2:13-cv-1509-GMN-VCF, 2014 WL 2835315 at *7 (D. Nev. June 20, 2014) (denying a motion for sanctions because a plaintiff failed to present any facts indicating that the cameras near a slip-and-fall accident actually recorded the incident).]

As in *Felix*, *Pace*, *Scalia*, and *Putscher*, there is no evidence here that the incident was captured on camera. That is because the area was not covered by a camera. Because Target cannot destroy something that never existed in the first place, a spoliation inference would be improper.

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

16

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

### *2)* *Plaintiff Has Failed to Demonstrate How Video of Things Other Than the Incident Would Be "Favorable to Her Cause"*

Plaintiff appears to argue that Target had a duty to preserve video of areas other than the incident scene that was triggered by the two preservation letters sent by her attorney to Target and to Sedgwick. It is important to note, however, that the letters only sought preservation of video of: (1) the incident and incident scene (which, as described above, never existed and therefore could not be destroyed), and (2) plaintiff on the date of the incident.  Plaintiff fails to explain how this latter category of video, to the extent it may have existed, would have produced evidence favorable to her cause.  Without such a showing, plaintiff cannot meet her burden of establishing why a spoliation inference should be granted, and so it should be denied.

## 6. THE COURT SHOULD CONSIDER THE FACT THAT PLAINTIFF FILED AND SERVED HER OPPOSITION A DAY LATE

Pursuant to L.R. 7-9, each opposing party shall, not later than 21 days before the date designated for the hearing of the motion serve upon all other parties and file with the clerk of the court opposition to the motion.  Plaintiff's opposition was filed and served on November 19, 2021, one day past the due date of November 18.  Target respectfully requests that the Court use its discretion to decline consideration of plaintiff's opposition.

## 7. CONCLUSION

Plaintiff's complaints about the evidence available to her cannot be attributed to any improper conduct by Target.  Rather, plaintiff's complaints are a result of her own failure to diligently conduct discovery and meet and confer with Target about any perceived failure by Target to engage in the discovery process.

The facts and evidence on which Target's motion for summary judgment are based is simple and undisputed.  Plaintiff has failed to present any evidence that Target created the spill or had actual or constructive knowledge of the spill.  She

17

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

has also failed to dispute the fact that 30 seconds before spill creation, the location of the incident was clear of any liquid, and the incident occurred just 3 seconds after the spill was created.  For these reasons, Target's motion should be granted.

Dated: November 24, 2021     SNYDER BURNETT EGERER, LLP

*/s/ Jessica Farley*

_____

By: Sean R. Burnett / Jessica Farley
Attorneys for Defendant TARGET
CORPORATION

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

18

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed by the firm of Snyder Burnett Egerer, LLP, in the County of Santa Barbara, State of California.  I am over the age of 18 and not a party to the within action; my business address is 5383 Hollister Avenue, Suite 240, Santa Barbara, California 93111.

On November 24, 2021 I served the foregoing document(s) described as **DEFENDANT TARGET CORPORATION'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on all parties of record in this action by electronic service to the e-mail addresses as follows:

| | |
|---|---|
| **Simon P. Etehad** | *Attorneys for Plaintiff* |
| **Steven Berkowitz** | *CONNIE TAYLOR BROADOUS* |
| **Etehad Law, APC** | |
| 150 South Rodeo Drive, Suite 350 | |
| Beverly Hills, California 90212 | |
| Telephone: 310.550.1220 | |
| Facsimile: 888.266.5502 | |
| Email: steven@etehadlaw.com | |
| simon@etehadlaw.com | |
| info@etehadlaw.com | |

_____ I caused such envelope or package with postage thereon fully prepaid to be placed in the United States mail at Santa Barbara, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day from the date of deposit for mailing in the affidavit.

 XX  I caused the foregoing document to be sent to the persons at the electronic notification address(es) designated below.  This is necessitated during the declared national emergency due to the Coronavirus (COVID-19) pandemic. Therefore, the document(s) referenced above is/are served only by using electronic mail.

Executed on November 24, 2021at Santa Barbara, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Laurel M. Shaddix*

_____
Laurel M. Shaddix