**SNYDER BURNETT EGERER, LLP**
**Sean R. Burnett (SB# 227952)**
**Jessica Farley (SB# 280123)**
5383 Hollister Avenue, Suite 240
Santa Barbara, California 93111
Telephone No.: 805.692.2800
Facsimile No.: 805.692.2801
sburnett@sbelaw.com
jfarley@sbelaw.com

Attorneys for Defendant TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CONNIE TAYLOR BROADOUS,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; individually and dba TARGET STORE T-2329; and DOES 1 to 20,<br><br>    Defendants.<br>_____/ | Case No. 2:20-cv-10950 GW (JEMx)<br><br>Hon. George H. Wu<br><br>**DECLARATION OF JESSICA FARLEY IN SUPPORT OF DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT REPLY**<br><br>Date:  December 6, 2021<br>Time:  8:30 a.m.<br>Ctrm:  9D<br><br>*[Filed concurrently with Reply in Support of Motion for Summary Judgment; Response to Plaintiff's Statement of Genuine Disputes; Request for Evidentiary Ruling on Specified Objections; and [Proposed] Order on Evidentiary Objections]* |

I, Jessica Farley, declare the following facts:

1.  I am an attorney duly licensed and admitted to practice before all of the courts of the state of California and the United States District Court for the Central District of California. I am a partner at the firm of Snyder Burnett Egerer, LLP, counsel of record for defendant Target Corporation in the matter brought by plaintiff Connie Taylor Broadous. I have personal knowledge of the matters

1

**DECLARATION OF JESSICA FARLEY IN SUPPORT OF TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

1  discussed herein, and if called upon as a witness to testify, I could and would
2  competently do so.
3      2. This declaration is made in support of Target's Reply In Support of
4  Summary Judgment.
5      3. Attached as Exhibit 6 is a true and correct copy of pertinent excerpts
6  from the deposition transcript of plaintiff in this matter.
7      4. Attached as Exhibit 7 is a true and correct copy of pertinent excerpts
8  from the deposition transcript of Verna Stewart in this matter.
9      5. Attached as Exhibit 8 is a true and correct copy of pertinent excerpts
10 of Target's verified responses to Form Interrogatories (Set One), which were
11 served on September 14, 2021.
12     6. Attached as Exhibit 9 is a true and correct copy of pertinent excerpts
13 of Target's verified responses to Interrogatories (Set One), which were served on
14 September 14, 2021.
15     7. Attached as Exhibit 10 is a true and correct copy of pertinent excerpts
16 of Target's verified responses to Requests for Production of Documents (Set One),
17 which were served on September 14, 2021.
18     8. In response to Set One of written discovery, Target produced all non-
19 privileged and non-confidential document production. Confidential document
20 production would not be produced until a Stipulated Protective Order was signed.
21     9. At no point did plaintiff or her counsel attempt to meet and confer
22 about Target's responses to written discovery.
23     10. Plaintiff served Set One of written discovery on July 15, 2021.
24     11. Fact discovery closed on October 15, 2021.
25     12. Attached as Exhibit 11 is a true and correct copy of Target's
26 Objection to Plaintiff's Second Amended Notice of Deposition of Defendant and
27 Request for Production of Documents.
28 ///

13. Plaintiff did not meet and confer with Target about its response to the deposition notice.

14. I am familiar with the documents that were prepared following the incident. Luis Saldana did not provide Target with a "witness statement" or write a report on the day of the incident. The only writing by Mr. Saldana that is known to Target is the declaration of Mr. Saldana that was produced in support of Target's MSJ. This same declaration was provided to plaintiff on September 10, 2021.

15. I am familiar with the documents that were prepared following the incident. Ms. Ruelas did not prepare a report or statement following this incident.

16. Attached as Exhibit 12 is a true and correct copy of Target's Supplemental Initial Disclosures, wherein Ruth Ruelas was identified as the Rule 30(b)(6) witness while Anita Pittman was on a leave of absence. These disclosures also listed Mr. Saldana as a witness Target would rely on. The supplemental disclosures did not list Mr. Saldana's declaration as a supporting document because the declaration would constitute inadmissible hearsay at trial.

17. At no point did plaintiff depose Ms. Ruelas or attempt to depose her.

18. Attached as Exhibit 13 is a true and correct copy of emails between me and my partner Sean Burnett, on the one hand, and plaintiff's counsel, on the other hand, evidencing the following: (a) Target provided the Stipulated Protective Order to plaintiff on September 14, 2021; (b) Plaintiff did not return the signed Stipulated Protective Order until after business hours on Friday, October 1—and only after defense counsel followed up with plaintiff's counsel on September 17, September 24, September 28, and twice on October 1; and (c) Target immediately produced its confidential document production to plaintiff on the morning of Monday, October 4.

19. Attached as Exhibit 14 is a true and correct copy of emails between me and plaintiff's counsel evidencing the following: (a) On October 4, plaintiff served a notice to depose Anita Pittman as a percipient witness; (b) At that time,

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

3

**DECLARATION OF JESSICA FARLEY IN SUPPORT OF TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

1  Ms. Pittman was on a leave of absence from work and was unavailable to testify;
2  (c) Ms. Pittman's expected return to work date was the first week of November;
3  (d) Defense counsel met and conferred with plaintiff's counsel about this situation;
4  (e) Defense counsel indicated that if plaintiff wanted to take one less deposition,
5  Ms. Pittman could also testify as the Rule 30(B)(6) witness in lieu of the witness
6  scheduled to testify on October 8; (f) Defense counsel made it clear that if plaintiff
7  did not want to wait until early November to depose the Rule 30(B)(6), a Rule
8  30(B)(6) witness would be available to testify on October 8; and (g) Plaintiff's
9  counsel declined this offer and chose to wait until Ms. Pittman returned to depose
10 her as a percipient witness and as the Rule 30(B)(6).

11      20.     Based on my communications with Target to schedule her deposition,
12 I understand and believe that Anita Pittman returned from her leave of absence on
13 November 3, 2021.

14      21.     On November 9, 2021, I promptly provided Ms. Pittman's deposition
15 availability to plaintiff's counsel via email. The first available date that Ms.
16 Pittman could be deposed was November 16, 2021, which is when her deposition
17 occurred.

18      22.     After Target filed its motion for summary judgment, I offered to
19 plaintiff's counsel to move the hearing on the motion to December 9, 2021, so that
20 plaintiff would be able to depose Ms. Pittman before the deadline for plaintiff's
21 opposition to the motion for summary judgment.

22      23.     At the time Target served its Rule 26 Initial Disclosures, Target and
23 its counsel had not had any contact with Mr. Saldana because the phone number it
24 had for Mr. Saldana was out of service. Target was unable to determine whether
25 Mr. Saldana had information on which Target would rely.

26      24.     After I, personally, conducted an investigation that took several hours
27 of cold-calling various individuals named "Luis Saldana" or potentially related to a
28 "Luis Saldana," I was able to locate an in-service phone number for Mr. Saldana.

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

4

DECLARATION OF JESSICA FARLEY IN SUPPORT OF TARGET
CORPORATION'S MOTION FOR SUMMARY JUDGMENT

Upon speaking with Mr. Saldana, Target determined it would rely on Mr. Saldana as a witness. It was during this conversation that I, on behalf of Target, first received an email address for Mr. Saldana. Mr. Saldana declined my request for an address at which to reach him.

25. To this day, Target does not know the address of Mr. Saldana.

26. On or about August 17, 2021, I prepared a draft declaration for Mr. Saldana to review and sign that was based on my telephone discussion with him.

27. After making revisions to the declaration, Mr. Saldana signed and returned the declaration to me on August 18, 2021.

28. On September 1, 2021, I provided the name, phone number, and email address for Mr. Saldana to plaintiff's counsel via email. A true and correct copy of this email is attached as Exhibit 15.

29. On September 10, 2021, I produced the declaration of Mr. Saldana to plaintiff's counsel via email. A true and correct copy of this email is attached as Exhibit 16.

30. To moving party's knowledge, plaintiff did nothing to make contact with Mr. Saldana or subpoena him for deposition, even though she had the name and contact information of Mr. Saldana as early as September 1, 2021. In fact, plaintiff requested that my office communicate with Mr. Saldana to coordinate plaintiff's October 2nd deposition of Mr. Saldana. In the spirit of cooperation, my office agreed to do this.

31. I attended plaintiff's October 2nd deposition of Mr. Saldana. He was not represented by an attorney.

32. To my knowledge, plaintiff has made no effort to subpoena Mr. Saldana for a second session of his deposition, in spite of the fact that Mr. Saldana testified he would accept service of a subpoena via email. Between October 2 and October 15, I had a telephone conference with plaintiff's counsel, and he specifically denied trying to reach out to Mr. Saldana again.

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

5

**DECLARATION OF JESSICA FARLEY IN SUPPORT OF TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of November, 2021, at Santa Barbara, California.

*/s/ Jessica Farley*
_____
Jessica Farley, Declarant

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

6

**DECLARATION OF JESSICA FARLEY IN SUPPORT OF TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed by the firm of Snyder Burnett Egerer, LLP, in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to the within action; my business address is 5383 Hollister Avenue, Suite 240, Santa Barbara, California 93111.

On November 24, 2021 I served the foregoing document(s) described as **DECLARATION OF JESSICA FARLEY IN SUPPORT OF DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT REPLY** on all parties of record in this action by electronic service to the e-mail addresses as follows:

| | |
|---|---|
| **Simon P. Etehad** | *Attorneys for Plaintiff* |
| **Steven Berkowitz** | *CONNIE TAYLOR BROADOUS* |
| **Etehad Law, APC** | |
| 150 South Rodeo Drive, Suite 350 | |
| Beverly Hills, California 90212 | |
| Telephone: 310.550.1220 | |
| Facsimile: 888.266.5502 | |
| Email: steven@etehadlaw.com | |
| simon@etehadlaw.com | |
| info@etehadlaw.com | |

____ I caused such envelope or package with postage thereon fully prepaid to be placed in the United States mail at Santa Barbara, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day from the date of deposit for mailing in the affidavit.

 XX  I caused the foregoing document to be sent to the persons at the electronic notification address(es) designated below. This is necessitated during the declared national emergency due to the Coronavirus (COVID-19) pandemic. Therefore, the document(s) referenced above is/are served only by using electronic mail.

Executed on November 24, 2021at Santa Barbara, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Laurel M. Shaddix*
_____
Laurel M. Shaddix