# EXHIBIT 10

**SNYDER BURNETT EGERER, LLP**
**Sean R. Burnett (SB# 227952)**
**Jessica Farley (SB# 280123)**
5383 Hollister Avenue, Suite 240
Santa Barbara, California 93111
Telephone No.: 805.692.2800
Facsimile No.: 805.692.2801
sburnett@sbelaw.com
jfarley@sbelaw.com

Attorneys for Defendant TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CONNIE TAYLOR BROADOUS, | Case No. 2:20-cv-10950 GW (JEMx) |
| Plaintiff, | Hon. George H. Wu |
| v. | |
| TARGET CORPORATION; individually and dba TARGET STORE T-2329; and DOES 1 to 20, | **DEFENDANT TARGET CORPORATION'S RESPONSE TO DEMAND FOR PRODUCTION OF DOCUMENTS (SET ONE)** |
| Defendants. | |

**REQUESTING PARTY** : **Plaintiff, CONNIE TAYLOR BROADOUS**

**RESPONDING PARTY** : **Defendant, TARGET CORPORATION**

**SET NUMBER** : **One**

Defendant TARGET CORPORATION ("responding party") responds to Demand for Production of Documents (Set One) of CONNIE TAYLOR BROADOUS ("requesting party") as follows:

These responses are made solely for the purpose, and in relation to, this action. Each response is given subject to appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein

if the responses were asked of or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

This responding party has neither completed its investigation of the facts relating to this action, nor completed discovery or preparation for trial. It is anticipated that further discovery, independent investigation, and legal analysis will supply additional facts and add meaning to the known facts, as well as possibly establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, or variations from the responses herein set forth. The following responses are therefore given without prejudice to this party's right to allege and/or produce evidence of any subsequently discovered facts or circumstances.

Except for facts or information expressly admitted herein, no admission of any nature is to be implied or inferred. The fact that any response herein has been answered should not be taken as an admission or confession of the existence of any facts set forth or assumed. All responses must be construed as given based on information presently available and specifically known to this responding party.

This responding party relies on well-established California authority to the effect that responses cannot unilaterally be designated as continuing in nature and this responding party hereby serves notice that it will not voluntarily provide further responses if additional information is acquired by it after these responses are served.

The aforementioned shall apply to each and every response given herein, and shall be incorporated by reference as though fully set forth in all of the responses appearing in the following pages.

**RESPONSES TO DEMAND FOR PRODUCTION OF DOCUMENTS**
**DEMAND NO. 1:**

All DOCUMENTS evidencing pictures and videotape of the INCIDENT.

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

2

RESPONSE TO DEMAND FOR PRODUCTION OF DOCUMENTS (SET ONE)

**RESPONSE TO DEMAND NO. 1:**

Objection. Vague and ambiguous as to "evidencing."

Subject to and without waiving this objection, responding party states: After a diligent search and reasonable inquiry, responding party has determined that it cannot comply with this demand because responsive documents do not exist.

**DEMAND NO. 2:**

All DOCUMENTS evidencing pictures and videotape of Plaintiff at the TARGET STORE on June 1, 2020.

**RESPONSE TO DEMAND NO. 2:**

Objection. Vague and ambiguous as to "evidencing."

Subject to and without waiving this objection, and excluding those photos previously produced by plaintiff in written discovery, responding party states: After a diligent search and reasonable inquiry, responding party has determined that it cannot comply with this demand because responsive documents do not exist.

**DEMAND NO. 3:**

All DOCUMENTS evidencing pictures and videotape of Plaintiff leaving the TARGET STORE on June 1, 2020.

**RESPONSE TO DEMAND NO. 3:**

Objection. Vague and ambiguous as to "evidencing."

Subject to and without waiving this objection, responding party states: After a diligent search and reasonable inquiry, responding party has determined that it cannot comply with this demand because responsive documents do not exist.

**DEMAND NO. 4:**

All DOCUMENTS evidencing pictures and videotape of any spillage or droppage of any item on the floor of the TARGET STORE in the early afternoon of June 1, 2020, in the area where Plaintiff slipped and fell, before her fall.

///

///

**RESPONSE TO DEMAND NO. 4:**

Objection. Vague and ambiguous as to "evidencing."

Subject to and without waiving this objection, and excluding those photos previously produced by plaintiff in written discovery, responding party states: Responding party will comply with this demand by producing Bates-numbered document TC00003 which was taken after the incident.

**DEMAND NO. 5:**

All DOCUMENTS evidencing pictures and videotape of any liquid on the floor of the TARGET STORE in the early afternoon of June 1, 2020, in the area where Plaintiff slipped and fell.

**RESPONSE TO DEMAND NO. 5:**

Objection. Vague and ambiguous as to "evidencing."

Subject to and without waiving this objection, and excluding those photos previously produced by plaintiff in written discovery, responding party states: Responding party will comply with this demand by producing Bates-numbered document TC00003 which was taken after the incident.

**DEMAND NO. 6:**

All DOCUMENTS evidencing pictures and videotape of any clean up of the liquid on the floor of the TARGET STORE in the early afternoon of June 1, 2020, in the area where Plaintiff slipped and fell.

**RESPONSE TO DEMAND NO. 6:**

Objection. Vague and ambiguous as to "evidencing."

Subject to and without waiving this objection, responding party states: After a diligent search and reasonable inquiry, responding party has determined that it cannot comply with this demand because responsive documents do not exist.

**DEMAND NO. 7:**

All DOCUMENTS evidencing all reports made of the INCIDENT on June 1, 2020.

1 | **RESPONSE TO DEMAND NO. 7:**

2 |     Objection. Vague and ambiguous as to "evidencing" and "reports." Further objection is made that this demand seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

    Subject to and without waiving these objections, responding party states: Responding party produces all non-privileged responsive documents concurrently herewith at Bates number TC00001.

**DEMAND NO. 8:**

    All DOCUMENTS evidencing all statements of all witnesses regarding the INCIDENT on June 1, 2020.

**RESPONSE TO DEMAND NO. 8:**

    Objection. Vague and ambiguous as to "evidencing" and "statements." Further objection is made that this demand seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

    Subject to and without waiving these objections, responding party states: Responding party produces all non-privileged responsive documents concurrently herewith at Bates numbers TC00001 and TC00004-TC00006.

**DEMAND NO. 9:**

    All DOCUMENTS evidencing all statements of employees regarding the INCIDENT, on June 1, 2020.

**RESPONSE TO DEMAND NO. 9:**

    Objection. Vague and ambiguous as to "evidencing" and "statements." Further objection is made that this demand seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

    Subject to and without waiving these objections, responding party states: After a diligent search and reasonable inquiry, responding party has determined it cannot comply with this demand because responsive non-privileged documents do not exist.

**DEMAND NO. 10:**

All DOCUMENTS evidencing all statements of all employees regarding removing any container from the floor of the TARGET STORE on June 1, 2020, just before the alleged slip and fall of Plaintiff, in the area where she fell.

**RESPONSE TO DEMAND NO. 10:**

Objection. Vague and ambiguous as to "evidencing" and "statements." Further objection is made that this demand seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, responding party states: After a diligent search and reasonable inquiry, responding party has determined it cannot comply with this demand because responsive documents do not exist as the container was not removed from the floor before the incident by any Target team member.

**DEMAND NO. 11:**

All DOCUMENTS evidencing the knowledge or notice of the liquid on the floor of the TARGET STORE on June 1, 2020, in the area where Plaintiff slipped and fell, before her fall.

**RESPONSE TO DEMAND NO. 11:**

Objection. Vague and ambiguous as to "evidencing" and "knowledge or notice."

Subject to and without waiving these objections, responding party states: After a diligent search and reasonable inquiry, responding party has determined it cannot comply with this demand because responsive documents do not exist.

**DEMAND NO. 12:**

All DOCUMENTS evidencing any investigation of the Defendant regarding the INCIDENT.

**RESPONSE TO DEMAND NO. 12:**

Objection. Vague and ambiguous as to "evidencing" and "investigation."

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

6
RESPONSE TO DEMAND FOR PRODUCTION OF DOCUMENTS (SET ONE)

Further objection is made that this demand seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, responding party states: Responding party will comply with this demand by producing all non-privileged responsive documents at Bates numbers TC00001-TC00006.

**DEMAND NO. 13:**

All DOCUMENTS evidencing all policies and procedures of the TARGET STORE for its employees regarding the monitoring and/or maintenance of the floor regarding any spills of any products or debris on the floor, in effect as of June 1, 2020.

**RESPONSE TO DEMAND NO. 13:**

Objection. Vague and ambiguous as to "evidencing," "policies and procedures," and "monitoring and/or maintenance." Further objection is made that his demand is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, and limiting the response to the type of spill involved in this case, responding party states: Responding party will comply with this demand by producing Bates-numbered documents TC00007-TC00008. However, these documents will only be produced upon execution by all parties and the Court of a Stipulated Protective Order.

**DEMAND NO. 14:**

All DOCUMENTS evidencing all policies and procedures of the TARGET STORE for its employees regarding the cleanup of any spills of any products or debris on the floor, in effect as of June 1, 2020.

**RESPONSE TO DEMAND NO. 14:**

Objection. Vague and ambiguous as to "evidencing," "policies and procedures," and "cleanup." Further objection is made that his demand is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

7

RESPONSE TO DEMAND FOR PRODUCTION OF DOCUMENTS (SET ONE)

of admissible evidence.

==Subject to and without waiving these objections, and limiting the response to the type of spill involved in this case, responding party states: Responding party will comply with this demand by producing Bates-numbered documents TC00009-TC00012.  However, these documents will only be produced upon execution by all parties and the Court of a Stipulated Protective Order.==

**DEMAND NO. 15:**

All DOCUMENTS evidencing all policies and procedures of the TARGET STORE for its employees regarding the placement of any warnings or notices regarding a floor area that requires clean up of any spills of any products or debris on the floor, in effect as of June 1, 2020.

**RESPONSE TO DEMAND NO. 15:**

Objection. Vague and ambiguous as to "evidencing," "policies and procedures," and "warnings or notices."  Further objection is made that his demand is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

==Subject to and without waiving these objections, and limiting the response to the type of spill involved in this case, responding party states: Responding party will comply with this demand by producing Bates-numbered documents TC00007-TC00012.  However, such documents will only be produced upon execution by all parties and the Court of a Stipulated Protective Order.==

**DEMAND NO. 16:**

All DOCUMENTS evidencing all DOCUMENTS in support of any contention by Defendant that it was not negligent in failing to maintain or clean up the floor where Plaintiff alleges that she slipped and fell, prior to her slip and fall, at any time in the hour before her fall at the TARGET STORE on June 1, 2020.

**RESPONSE TO DEMAND NO. 16:**

Objection. Vague and ambiguous as to "evidencing" and "maintain or clean

evidence.

Subject to and without waiving these objections, responding party states: Responding party complies with this demand by producing all non-privileged responsive documents at Bates numbers TC00007-TC00008. However, these documents will only be produced upon execution by all parties and the Court of a Stipulated Protective Order.

**DEMAND NO. 19:**

All DOCUMENTS evidencing all DOCUMENTS in support of any contention by Defendant that Plaintiff's own negligence, in whole or in part, caused her slip and fall at the TARGET STORE on June 1, 2020.

**RESPONSE TO DEMAND NO. 19:**

Objection. Vague and ambiguous as to "evidencing."

Subject to and without waiving this objection, responding party states: Responding party complies with this demand by producing Bates-numbered document TC00001.

**DEMAND NO. 20:**

Copies of all business licenses of the TARGET STORE in effect on June 1, 2020.

**RESPONSE TO DEMAND NO. 20:**

Objection. This demand is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: September 14, 2021        SNYDER BURNETT EGERER, LLP

*/s/ Jessica Farley*
_____
By: Sean R. Burnett / Jessica Farley
Attorneys for Defendant TARGET CORPORATION

## VERIFICATION

STATE OF MINNESOTA )
                                  ) SS.
COUNTY OF HENNEPIN )

      Justino Schoeder, Lead Paralegal of Target Enterprise, Inc. after being duly sworn on oath, states that he is an authorized signatory of Target Corporation, a Defendant in the above-entitled cause, and that he verifies the foregoing ***DEFENDANT TARGET CORPORATION'S RESPONSE TO DEMAND FOR PRODUCTION OF DOCUMENTS (SET ONE)*** for and on behalf of said Defendant and is duly authorized to do so; that certain of the matters stated in the foregoing, ***DEFENDANT TARGET CORPORATION'S RESPONSE TO DEMAND FOR PRODUCTION OF DOCUMENTS (SET ONE)*** are not within the personal knowledge of signatory and that signatory is informed that there is no Officer or Managing Agent of the Defendant who has personal knowledge of such matters; that the facts stated in said Response have been assembled by authorized employees and counsel of Defendant, and signatory is informed that the facts stated in said Response are true and correct.

      I certify, under penalty of perjury and pursuant to the laws of the State of California, that the foregoing is true and correct.

This September 14, 2021

                                                                                  Justino Schoeder
                                                                                  Lead Paralegal
                                                                                  Target Enterprise, Inc.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed by the firm of Snyder Burnett Egerer, LLP, in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to the within action; my business address is 5383 Hollister Avenue, Suite 240, Santa Barbara, California 93111.

On September 14, 2021 I served the foregoing document(s) described as **DEFENDANT TARGET CORPORATION'S RESPONSE TO DEMAND FOR PRODUCTION OF DOCUMENTS (SET ONE)** on all parties of record in this action by placing a true and correct copy thereof in a sealed envelope or package addressed as follows:

| | |
|---|---|
| **Simon P. Etehad** | *Attorneys for Plaintiff* |
| **Steven Berkowitz** | ***CONNIE TAYLOR BROADOUS*** |
| **Etehad Law, APC** | |
| 150 South Rodeo Drive, Suite 350 | |
| Beverly Hills, California 90212 | |
| Telephone: 310.550.1220 | |
| Facsimile: 888.266.5502 | |
| Email: steven@etehadlaw.com | |
|            simon@etehadlaw.com | |
|            info@etehadlaw.com | |

____ I caused such envelope or package with postage thereon fully prepaid to be placed in the United States mail at Santa Barbara, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day from the date of deposit for mailing in the affidavit.

_XX_ I caused the foregoing document to be sent to the persons at the electronic notification address(es) designated below. This is necessitated during the declared national emergency due to the Coronavirus (COVID-19) pandemic. Therefore, the document(s) referenced above is/are served only by using electronic mail.

Executed on September 14, 2021 at Santa Barbara, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Jessica Farley*
_____
Jessica Farley