# EXHIBIT 11

**SNYDER BURNETT EGERER, LLP**
**Sean R. Burnett (SB# 227952)**
**Jessica Farley (SB# 280123)**
5383 Hollister Avenue, Suite 240
Santa Barbara, California 93111
Telephone No.: 805.692.2800
Facsimile No.: 805.692.2801
sburnett@sbelaw.com
jfarley@sbelaw.com

Attorneys for Defendant TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CONNIE TAYLOR BROADOUS,<br><br>  Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; individually and dba TARGET STORE T-2329; and DOES 1 to 20,<br><br>  Defendants. | Case No. 2:20-cv-10950 GW (JEMx)<br><br>Hon. George H. Wu<br><br>**OBJECTION TO PLAINTIFF'S SECOND AMENDED NOTICE OF DEPOSITION OF DEFENDANT AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Date:     October 4, 2021<br>Time:     10:00 a.m.<br>Date:     October 8, 2021<br>Time:     2:30 p.m.<br>Location: Remote |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

Defendant TARGET CORPORATION ("responding party") hereby responds to plaintiff CONNIE TAYLOR BROADOUS' ("requesting party") Second Amended Notice of Taking Deposition of Defendant and Request for Production of Documents as follows:

**OBJECTIONS TO SUBJECTS FOR EXAMINATION**

**MATTER FOR EXAMINATION 1:**

Pictures and videotape of INCIDENT. ("INCIDENT" refers to the events of June 1, 2020 at Target that led to the injuries Plaintiff alleges in the Complaint

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS evidencing pictures and videotape of any liquid on the floor of the TARGET STORE in the early afternoon of June 1, 2020, in the area where Plaintiff slipped and fell.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection. Vague and ambiguous as to "evidencing." Further objection is made to the extent that with "evidencing," this request seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

Subject to and without waiving these obejctions, responding party states: To the extent they exist, all non-privileged responsive documents have previously been produced in discovery.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS evidencing pictures and videotape of any clean up of the liquid on the floor of the TARGET STORE in the early afternoon of June 1, 2020, in the area where Plaintiff slipped and fell.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. Vague and ambiguous as to "evidencing." Further objection is made to the extent that with "evidencing," this request seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

Subject to and without waiving these obejctions, responding party states: To the extent they exist, all non-privileged responsive documents have previously been produced in discovery.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS evidencing all reports made of the INCIDENT on June 1, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

==Objection. Vague and ambiguous as to "evidencing" and "reports." Further objection is made to the extent that with "evidencing," this request seeks information protected from disclosure by the attorney-client privilege and work==

product doctrine.

  Subject to and without waiving these obejctions, responding party states: To the extent they exist, all non-privileged responsive documents have previously been produced in discovery.

**REQUEST FOR PRODUCTION NO. 8:**

  All DOCUMENTS evidencing all statements of all witnesses regarding the INCIDENT on June 1, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

  Objection. Vague and ambiguous as to "evidencing" and "statements." Further objection is made to the extent that with "evidencing," this request seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

  Subject to and without waiving these obejctions, responding party states: To the extent they exist, all non-privileged responsive documents have previously been produced in discovery.

**REQUEST FOR PRODUCTION NO. 9:**

  All DOCUMENTS evidencing all statements of employees regarding the INCIDENT, on June 1, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

  Objection. Vague and ambiguous as to "evidencing" and "statements." Further objection is made to the extent that with "evidencing," this request seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

  Subject to and without waiving these obejctions, responding party states: To the extent they exist, all non-privileged responsive documents have previously been produced in discovery.

**REQUEST FOR PRODUCTION NO. 10:**

  All DOCUMENTS evidencing all statements of all employees regarding removing any container from the floor of the TARGET STORE on June 1, 2020,

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

12

OBJECTION TO PLAINTIFF'S SECOND AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

| | | |
|---|---|---|
| Dated: October 1, 2021 | | SNYDER BURNETT EGERER, LLP |
| | | *[signature]* |
| | | By: Sean R. Burnett / Jessica Farley<br>Attorneys for Defendant TARGET CORPORATION |

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

17

OBJECTION TO PLAINTIFF'S SECOND AMENDED NOTICE OF
DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

    I am employed by the firm of Snyder Burnett Egerer, LLP, in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to the within action; my business address is 5383 Hollister Avenue, Suite 240, Santa Barbara, California 93111.

    On October 1, 2021 I served the foregoing document(s) described as **OBJECTION TO PLAINTIFF'S SECOND AMENDED NOTICE OF DEPOSITION OF DEFENDANT AND REQUEST FOR PRODUCTION OF DOCUMENTS** on all parties of record in this action by electronic service to the e-mail addresses as follows:

| | |
|---|---|
| **Simon P. Etehad**<br>**Steven Berkowitz**<br>**Etehad Law, APC**<br>150 South Rodeo Drive, Suite 350<br>Beverly Hills, California 90212<br>Telephone: 310.550.1220<br>Facsimile: 888.266.5502<br>Email: steven@etehadlaw.com<br>       simon@etehadlaw.com<br>       info@etehadlaw.com | *Attorneys for Plaintiff*<br>***CONNIE TAYLOR BROADOUS*** |

    \_\_\_\_ I caused such envelope or package with postage thereon fully prepaid to be placed in the United States mail at Santa Barbara, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day from the date of deposit for mailing in the affidavit.

  **XX**  I caused the foregoing document to be sent to the persons at the electronic notification address(es) designated below. This is necessitated during the declared national emergency due to the Coronavirus (COVID-19) pandemic. Therefore, the document(s) referenced above is/are served only by using electronic mail.

    Executed on October 1, 2021 at Santa Barbara, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Jessica Farley*
_____
Jessica Farley