**SNYDER BURNETT EGERER, LLP**
**Sean R. Burnett (SB# 227952)**
**Jessica Farley (SB# 280123)**
5383 Hollister Avenue, Suite 240
Santa Barbara, California 93111
Telephone No.:  805.692.2800
Facsimile No.:   805.692.2801
sburnett@sbelaw.com
jfarley@sbelaw.com

Attorneys for Defendant TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CONNIE TAYLOR BROADOUS, | Case No. 2:20-cv-10950 GW (JEMx) |
| Plaintiff, | Hon. George H. Wu |
| v. | **DEFENDANT TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES** |
| TARGET CORPORATION; individually and dba TARGET STORE T-2329; and DOES 1 to 20, | |
| Defendants. | **Date:      December 9, 2021** |
| | **Time:      8:30 a.m.** |
| _____/ | **Ctrm:      9D** |

*[Filed concurrently with Reply in Support of Motion for Summary Judgment; Reply Declaration of Jessica Farley; Request for Evidentiary Ruling on Specified Objections; [Proposed] Order on Evidentiary Objections]*

Defendant Target Corporation ("Target") submits the following Response to

Plaintiff's Statement of Genuine Disputes.

///

///

///

1

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S
STATEMENT OF GENUINE DISPUTES**

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. On October 27, 2020, plaintiff filed the operative complaint in the Superior Court of California, County of Los Angeles in Case Number 20STCV41151.<br><br>Declaration of Jessica Farley ("*Farley Dec.*"), ¶4; Exhibit 1, *Complaint*. | 1. Plaintiff agrees this is undisputed. |
| 2. The complaint alleges causes of action for negligence and premises liability arising from plaintiff's fall in a "soapy liquid spill."<br><br>*Farley Dec.*, ¶4; Exhibit 1, *Complaint*, pp. 4-5. | 2. Plaintiff agrees this is undisputed. |
| 3. On December 2, 2020, Target removed this case to this Court on diversity grounds.<br><br>*Farley Dec.*, ¶5; Exhibit 2, *Notice of Removal of Action*. | 3. Plaintiff agrees this is undisputed. |
| 4. The slip and fall in this case happened on June 1, 2020, at the Target store located at 11133 Balboa Blvd. in Granada Hills, California. | 4. Plaintiff agrees this is undisputed. |

TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S
STATEMENT OF GENUINE DISPUTES

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

| | |
|---|---|
| *Farley Dec.*, ¶4; Exhibit 1, *Complaint*, p. 4. | |
| 5.    Plaintiff slipped and fell in the main aisle near the registers.<br><br>*Farley Dec.*, ¶6; Exhibit 3, *Deposition of Plaintiff* ("*Plf Depo.*"), 26:15-18. | 5.    Plaintiff agrees this is undisputed. |
| 6.    On the day of the incident, plaintiff was accompanied at the store by her assistant and direct supervisee, Verna Stewart.<br><br>*Farley Dec.*, ¶¶6-7; Exhibit 3, *Plf Depo.*, 22:3-12; Exhibit 4, *Deposition of Verna Stewart* ("*Stewart Depo.*"), 11:5-12. | 6.    Plaintiff agrees this is undisputed. |
| 7.    After plaintiff fell, another customer, Luis Saldana, came to plaintiff's side within seconds to assist her, while plaintiff was still on the floor at the incident location and sitting in the liquid spill.<br><br>*Farley Dec.*, ¶8; Exhibit 5, *Declaration of Luis Saldana* ("*Saldana Dec.*"), ¶8. | 7.    Plaintiff is unable to admit or deny. The person never identified himself.<br><br>Berkowitz Decl., ⊩2; Exh. 1, *Broadous Decl.* at ⊩ 13.<br><br>Further, Luis Saldana unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement |

SNYDER BURNETT EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

3

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

| | |
|---|---|
| | or background. Berkowitz Decl., ¶ 3; Exh. 2, *Saldana Depo.* (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).<br><br>Further, Target has failed to provide the complete incident report, which included its interview with Luis Saldana, despite discovery request for same.<br><br>Decl. of Berkowitz, ¶¶ 4-6; Exh. 6, *Pittman Depo.* (see highlighted portions on pgs. 44-45, 52-53, 74). |

7.    Moving Party's Response

    a.  Plaintiff does not dispute Target's Fact #7.

    b.  The evidence cited does not dispute Target's Fact #7.

    c.  Plaintiff's argument about the evidence available to her (or not available to her) is addressed within the body of Target's reply brief.

| | |
|---|---|
| 8.    Mr. Saldana was an independent witness in that he did not work for Target and has never worked for Target.<br><br>*Farley Dec.*, ¶8; Exhibit 5, *Saldana Dec.*, ¶2. | 8.    Plaintiff is unable to admit or deny.  Luis Saldana unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement. |

SNYDER BURNETT<br>EGERER, LLP<br>5383 Hollister Avenue<br>Ste. 240<br>Santa Barbara, CA 93111

4

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

|  |  |
|---|---|
|  | Berkowitz Decl., ¶ 3; Exh. 2, Saldana Depo. (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23). |
| 8. Moving Party's Response<br><br>a. Plaintiff does not dispute Target's Fact #8.<br><br>b. The evidence cited does not dispute Target's Fact #8.<br><br>c. Plaintiff's argument about the evidence available to her (or not available to her) is addressed within the body of Target's reply brief. | |
| 9. Mr. Saldana observed the touch, smell, appearance and slippery consistency of the liquid, and he determined it was a type of soap.<br><br>*Farley Dec.*, ¶8; Exhibit 5, *Saldana Dec.*, ¶8. | 9. Plaintiff is unable to admit or deny. Luis Saldana unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement.<br><br>Berkowitz Decl., ℙ 3; Exh. 2, *Saladana Depo.* (see highlighted portions on pgs. 10, 13-16, 119, 21-23).<br><br>Further, Target has failed to provide the complete incident report, which included its interview with Luis Saldana, despite discovery request for same. |

**SNYDER BURNETT EGERER, LLP**<br>5383 Hollister Avenue<br>Ste. 240<br>Santa Barbara, CA 93111

5

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

| | Decl. of Berkowitz, ¶¶ 4-6; Exh. 6, *Pittman Depo.* (see highlighted portions on pgs. 44-45, 52-53, 74). |
|---|---|
| 9.    Moving Party's Response<br><br>a.  Plaintiff does not dispute Target's Fact #9.<br><br>b.  The evidence cited does not dispute Target's Fact #9.<br><br>c.  Plaintiff's argument about the evidence available to her (or not available to her) is addressed within the body of Target's reply brief. | |
| 10.    Plaintiff observed the soap spill to be clear and not dirty.<br><br>*Farley Dec.*, ¶6; Exhibit 3, *Plf Depo.*, 32:11-20. | 10.    Plaintiff agrees this is undisputed. |
| 11.    There was nothing about the liquid that led plaintiff to believe it has been on the ground for a long period of time.<br><br>*Farley Dec.*, ¶6; Exhibit 3, *Plf Depo.*, 32:11-18. | 11.    Objection. Vague and ambiguous as to the term, "long period of time." Without waiving these objections, and subject to them, not disputed as it pertains to "the liquid". |
| 11.    Moving Party's Response<br><br>a.  Plaintiff cites to no evidence to dispute Target's Fact #11.<br><br>b.  Plaintiff's response appears to be an evidentiary objection that was not made pursuant to the Court's Standing Order Re Summary Judgment Motions [*Doc. 28.*]<br><br>c.  Plaintiff's objection was waived because it was not made at the time of plaintiff's deposition, as shown by Target's evidence. [*Farley Dec.*, ¶6; | |

6

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S
STATEMENT OF GENUINE DISPUTES**

Exhibit 3, *Plf Depo.*, 32:11-18.]

| | |
|---|---|
| 12.    Approximately 33 seconds before the incident occurred, Mr. Saldana had walked through the incident location as he was making his way to a register to pay for his items.<br><br>*Farley Dec.*, ¶8; Exhibit 5, *Saldana Dec.*, ¶¶4-7. | 12.    Objection. Vague and ambiguous as to the term, "walk through the incident location" with respect to whether this means the specific location where the spill occurred, or the general area of the main aisle which also contained the spill.<br><br>Without waiving these objections, and subject to them, Plaintiff is unable to admit or deny.  Luis Saldana unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement.<br><br>Berkowitz Decl., ¶ 3; Exh. 2, *Saldana Depo*. (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).<br><br>Further, based upon Target's spoliation, concealment, and failure to produce requested records in this matter, including its report containing its interview of Mr. Saldana, such conduct strongly suggests Target may have |

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

| | |
|---|---|
| | contrary information and/or at least knowledge of the spill before Plaintiff's fall.<br><br>Decl. of Berkowitz ¶¶ 4-8, 10-12; and also referring to Ms. Pittman's deposition on pages 10, 12, 19, 24-28, 30-31, 36-37, 39-45, 47-48, 52-57, 69, 72-74), and referring to Ms. Jafari's deposition on pages 37-38, 40-41, 49, 51, 53-54, 56-57, 59-62, 75-76, 78-79, 83, 86, 90-93, 107-109, 118-119; as well as Exhibits 3-8. |

12. Moving Party's Response

a. Plaintiff does not dispute Target's Fact #12.

b. The evidence cited does not dispute Target's Fact #12.

c. Plaintiff's argument about the evidence available to her (or not available to her) is addressed within the body of Target's reply brief.

d. Plaintiff's response appears to be an evidentiary objection that was not made pursuant to the Court's Standing Order Re Summary Judgment Motions [*Doc. 28.*]

e. "Incident location" is not vague and ambiguous because in his Declaration, Mr. Saldana stated, "I had walked through the **exact** location of where the woman was on the floor…. At the time that I walked through that location, there was no liquid on the floor." [*Farley Dec.*, ¶8; Exhibit 5, *Saldana Dec.*, ¶7.]

SNYDER BURNETT EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

| | |
|---|---|
| 13.    At that time, there was no liquid on the floor at the incident location.<br><br>*Farley Dec.*, ¶8; Exhibit 5, *Saldana Dec.*, ¶7. | 13.    Objection. Vague and ambiguous as to "the incident location" with respect to whether this means the specific location where the spill occurred, or the general area of the main aisle which also contained the spill.<br><br>Without waiving these objections, and subject to them, Plaintiff is unable to admit or deny.  Luis Saldana unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement.<br><br>Berkowitz Decl., ¶ 3; Exh. 2, *Saldana Depo.* (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).<br><br>Further, based upon Target's spoliation, concealment, and failure to produce requested records in this matter, including its report containing its interview of Mr. Saldana, such conduct strongly suggests Target may have contrary information and/or at least knowledge of the spill before Plaintiff's |

9

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S
STATEMENT OF GENUINE DISPUTES**

| | |
|---|---|
| | fall. |
| | Decl. of Berkowitz ¶¶ 4-8, 10-12; and also referring to Ms. Pittman's deposition on pages 10, 12, 19, 24-28, 30-31, 36-37, 39-45, 47-48, 52-57, 69, 72-74), and referring to Ms. Jafari's deposition on pages 37-38, 40-41, 49, 51, 53-54, 56-57, 59-62, 75-76, 78-79, 83, 86, 90-93, 107-109, 118-119; as well as Exhibits 3-8. |

13. Moving Party's Response

 a. Plaintiff does not dispute Target's Fact #13.

 b. The evidence cited does not dispute Target's Fact #13.

 c. Plaintiff's argument about the evidence available to her (or not available to her) is addressed within the body of Target's reply brief.

 d. Plaintiff's response appears to be an evidentiary objection that was not made pursuant to the Court's Standing Order Re Summary Judgment Motions [*Doc. 28.*]

 e. "Incident location" is not vague and ambiguous because in his Declaration, Mr. Saldana stated, "I had walked through the **exact** location of where the woman was on the floor…. At the time that I walked through that location, there was no liquid on the floor." [*Farley Dec.*, ¶8; Exhibit 5, *Saldana Dec.*, ¶7.]

| | |
|---|---|
| 14. As Mr. Saldana walked toward the register, and before he reached the location of the incident, he passed a | 14. Plaintiff is unable to admit or deny. Luis Saldana unilaterally terminated his deposition within |

10

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

female customer who was carrying a bottle of soap in her hand.

*Farley Dec.*, ¶8; Exhibit 5, *Saldana Dec.*, ¶¶4, 10.

approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement. Berkowitz Decl., ¶ 3; Exh. 2, Saldana Depo. (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).

Further, based upon Target's spoliation, concealment, and failure to produce requested records in this matter, including its report containing its interview of Mr. Saldana, Plaintiff is unable to admit or deny.

Decl. of Berkowitz ¶¶ 4-8, 10-12; and also referring to Ms. Pittman's deposition on pages 10, 12, 19, 24-28, 30-31, 36-37, 39-45, 47-48, 52-57, 69, 72-74), and referring to Ms. Jafari's deposition on pages 37-38, 40-41, 49, 51, 53-54, 56-57, 59-62, 75-76, 78-79, 83, 86, 90-93, 107-109, 118-119; as well as Exhibits 3-8.

14.   Moving Party's Response

  a.  Plaintiff does not dispute Target's Fact #14.

  b.  The evidence cited does not dispute Target's Fact #14.

  c.  Plaintiff's argument about the evidence available to her (or not available

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

11

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

to her) is addressed within the body of Target's reply brief.

15.    At the register, Mr. Saldana began to unload his items onto the conveyor belt, and he heard a loud "boom" that sounded as though something was dropped.

*Farley Dec.*, ¶8; Exhibit 5, *Saldana Dec.*, ¶5.

15.    Plaintiff does not dispute that there was a "loud boom" that sounded as though something was dropped.

Plaintiff is unable to admit or deny the remaining portion of these alleged facts.

Luis Saldana unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement.
Berkowitz Decl., ¶ 3; Exh. 2, Saldana Depo. (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).

Further, based upon Target's spoliation, concealment, and failure to produce requested records in this matter, including its report containing its interview of Mr. Saldana, Plaintiff is unable to admit or deny.

Decl. of Berkowitz ¶¶ 4-8, 10-12; and also referring to Ms. Pittman's

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

12

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S
STATEMENT OF GENUINE DISPUTES**

| | |
|---|---|
| | deposition on pages 10, 12, 19, 24-28, 30-31, 36-37, 39-45, 47-48, 52-57, 69, 72-74), and referring to Ms. Jafari's deposition on pages 37-38, 40-41, 49, 51, 53-54, 56-57, 59-62, 75-76, 78-79, 83, 86, 90-93, 107-109, 118-119; as well as Exhibits 3-8. |
| 15.  Moving Party's Response<br><br>a.  Plaintiff does not dispute Target's Fact #15.<br><br>b.  The evidence cited does not dispute Target's Fact #15.<br><br>c.  Plaintiff's argument about the evidence available to her (or not available to her) is addressed within the body of Target's reply brief. | |
| 16.    Within three seconds of the "boom," Mr. Saldana heard a second loud noise.<br><br>*Farley Dec.*, ¶8; Exhibit 5, *Saldana Dec.*, ¶6. | 16.    Disputed to the extent that the second loud noise refers to Plaintiff falling on the floor.<br><br>As stated in the declarations of Plaintiff and Ms. Stewart, based upon the number of feet they would have been away from the scene of the liquid from three seconds away, i.e., 6-7 feet, they would have heard or seen a container dropping and creating a loud noise has [sic] it occurred within that time frame or even a longer time frame.  They never heard or saw the same, despite having an unimpeded view and within |

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

13

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S
STATEMENT OF GENUINE DISPUTES**

hearing distance if it had occurred as described by Mr. Saldana.

Decl. of Berkowitz ¶¶ 2, 9 (see Plaintiff's Declaration (Exhibit 1 at ¶¶ 4-14 and Ms. Stewart's Declaration (Exhibit 9 at ¶¶ 4-13).

Further, this is denied based upon Luis Saldana having unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement.

Berkowitz Decl., ¶ 3; Exh. 2, Saldana Depo. (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23).

Further, this is denied based upon Target's spoliation, concealment, and failure to produce requested records in this matter, including its report containing its interview of Mr. Saldana, this is denied.

Decl. of Berkowitz ¶¶ 4-8, 10-12; and

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

14

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

| | |
|---|---|
| | also referring to Ms. Pittman's deposition on pages 10, 12, 19, 24-28, 30-31, 36-37, 39-45, 47-48, 52-57, 69, 72-74), and referring to Ms. Jafari's deposition on pages 37-38, 40-41, 49, 51, 53-54, 56-57, 59-62, 75-76, 78-79, 83, 86, 90-93, 107-109, 118-119; as well as Exhibits 3-8. |

16. Moving Party's Response

   a. Plaintiff does not dispute Target's Fact #16.

   b. The evidence cited does not dispute Target's Fact #16.

   c. Plaintiff's argument about the evidence available to her (or not available to her) is addressed within the body of Target's reply brief.

   d. The declarations of plaintiff and Ms. Stewart state that the slip and fall occurred "approximately 8-10 feet away from the nearest cashier on duty." [*Doc. 31-1*, p. 10, lines 19-22 and *Doc. 31-1*, p. 332, lines 19-22.] These portions of the declarations are contradicted by the prior deposition testimony of the witnesses. At deposition, plaintiff testified she didn't know if a checker was "manning the checkstand closest to where the fluid was on the ground," and she didn't see any Target team members in the "general vicinity near the fluid right before [she] slipped." [Exhibit 6 to *Reply Declaration of Jessica Farley* (*"Farley Reply Dec."*), ¶3, *Plf Depo.*, 36:4-7 and 43:6-9.] Ms. Stewart testified at deposition that at the time of the incident, there was no cashier at the checkstand closest to the incident, she didn't know if there was anyone at the next nearest checkstand, and she didn't know where the nearest team member was at the time of the incident. [Exhibit 7 to *Farley Reply Dec.*, ¶4, *Stewart Depo.*, 20:7-19; 31:13-32:10; 45:15-17.]

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

15

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S
STATEMENT OF GENUINE DISPUTES**

e. Target objects to portions of the Declaration of plaintiff. [Evidentiary Objections Nos. 1-3, served concurrently herewith.]

f. Target objects to portions of the Declaration of Verna Stewart. [Evidentiary Objections Nos. 4-6, served concurrently herewith.]

| | |
|---|---|
| 17. He immediately took a few steps back from the register and observed an elderly woman on the floor in a puddle of liquid.<br><br>*Farley Dec.*, ¶8; Exhibit 5, *Saldana Dec.*, ¶¶6, 8. | 17. Disputed to the extent that the time period involved in "immediately" is three seconds or anywhere close to that, when he allegedly saw Plaintiff on the floor.<br><br>As stated in the declarations of Plaintiff and Ms. Stewart, based upon the number of feet they would have been away from the scene of the liquid from three seconds away, i.e., 6-7 feet, they would have heard or seen a container dropping and creating a loud noise has it occurred within that time frame or even a longer time frame. They never heard or saw the same, despite having an unimpeded view and within hearing distance if it had occurred as described by Mr. Saldana.<br><br>Decl. of Berkowitz ¶¶ 2, 9 (see Plaintiff's Declaration (Exhibit 1 at ¶¶ 4-14 and Ms. Stewart's Declaration |

16

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S**
**STATEMENT OF GENUINE DISPUTES**

(Exhibit 9 at ¶¶ 4-13).

Further, this is denied based upon Luis Saldana having unilaterally terminated his deposition within approximately 20 minutes after it began, and refused to answer Plaintiff's counsel's questions about the full extent of his and his companion's involvement.

Berkowitz Decl., ¶ 3; Exh. 2, Saldana Depo. (see highlighted portions on pgs. 10, 13-16, 18-19, 21-23). Further, this is denied based upon Target's spoliation, concealment, and failure to produce requested records in this matter, including its report containing its interview of Mr. Saldana, this is denied.

Decl. of Berkowitz, ¶¶ 4-8, 10-12; and also referring to Ms. Pittman's deposition on pages 10, 12, 19, 24-28, 30-31, 36-37, 39-45, 47-48, 52-57, 69, 72-74), and referring to Ms. Jafari's deposition on pages 37-38, 40-41, 49, 51, 53-54, 56-57, 59-62, 75-76, 78-79, 83, 86, 90-93, 107-109, 118-119; as

**SNYDER BURNETT EGERER, LLP**
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

17

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

well as Exhibits 3-8.

17.     Moving Party's Response

a. Plaintiff misconstrues what time period "immediately" refers to.  In his Declaration, Luis Saldana stated, that upon hearing a "second loud noise," he "immediately took a few steps back from the register and looked around. [He] observed an elderly woman on the floor." [*Farley Dec.*, ¶8; Exhibit 5, *Saldana Dec.*, ¶6.]

b. The evidence cited does not dispute Target's Fact #17.

c. Plaintiff's argument about the evidence available to her (or not available to her) is addressed within the body of Target's reply brief.

d. Target objects to portions of the Declaration of plaintiff. [Evidentiary Objections Nos. 1-3, served concurrently herewith.]

e. Target objects to portions of the Declaration of Verna Stewart. [Evidentiary Objections Nos. 4-6, served concurrently herewith.]

| | |
|---|---|
| 18.     Plaintiff does not know the soap spill came to be on the floor. *Farley Dec.*, ¶6; Exhibit 3, *Plf Depo.*, 31:18-19. | 18.     Objection.  Unintelligible.  Further objection.  Defendant has failed to provide two requested reports concerning the incident, prepared by its manager or its manger's assistant, as well as any video surveillance imaging of the incident or events leading to or following the incident. Berkowitz Declaration, ¶¶ 4-6 (referencing Ms. Pittman's deposition in part, Exhibit 6). |

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

18

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

| | |
|---|---|
| | Without waiving these objections, and subject to them, Plaintiff agrees this is undisputed if it was intended to say "Plaintiff doesn't not know how the….", then this is undisputed. |

18.  Moving Party's Response

    a.  Plaintiff does not dispute Target's Fact #18.  As plaintiff suggests, there is a typo in the wording of Fact #18.  Fact #18 should read, "Plaintiff does not know *how* the soap spill came to be on the floor." This is supported by the wording used in Target's motion for summary judgment. [*Doc. 25*, p. 7, line 4.]

    b.  The evidence cited does not dispute Target's Fact #18.

    c.  Plaintiff's argument about the evidence available to her (or not available to her) is addressed within the body of Target's reply brief.

| | |
|---|---|
| 19.  Plaintiff does not know how long the spill was on the floor before the incident.<br><br>*Farley Dec.*, ¶6; Exhibit 3, *Plf Depo.*, 31:23-25. | 19.  Objection. Defendant has failed to provide two requested reports concerning the incident, prepared by its manager or its manager's assistant, as well as any video surveillance imaging of the incident or events leading to or following the incident.<br><br>Berkowitz Declaration, ¶¶ 4-6 (referencing Ms. Pittman's deposition in part, Exhibit 6). |

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

19

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

|  | Without waiving these objections, and subject to them, Plaintiff agrees this is undisputed. |
|---|---|

19. Moving Party's Response

    a. Plaintiff does not dispute Target's Fact #19.

    b. The evidence cited does not dispute Target's Fact #19.

    c. Plaintiff's argument about the evidence available to her (or not available to her) is addressed within the body of Target's reply brief.

| 20. Plaintiff does not know of any Target Team Member who knew of the spill on the floor before the incident. *Farley Dec.*, ¶6; Exhibit 3, *Plf Depo.*, 32:4-8. | 20. Objection. Defendant has failed to provide two requested reports concerning the incident, prepared by its manager or its manager's assistant, as well as any video surveillance imaging of the incident or events leading to or following the incident. Berkowitz Declaration, ¶¶ 4-6 (referencing Ms. Pittman's deposition in part, Exhibit 6). Without waiving these objections, and subject to them, Plaintiff agrees this is undisputed. |
|---|---|

20. Moving Party's Response

    a. Plaintiff does not dispute Target's Fact #20.

    b. The evidence cited does not dispute Target's Fact #20.

    c. Plaintiff's argument about the evidence available to her (or not available to her) is addressed within the body of Target's reply brief.

**SNYDER BURNETT EGERER, LLP**
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

20

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

| | |
|---|---|
| 21. Ms. Stewart does not know where the spill came from, including whether the spill was created by a guest or Target employee.<br><br>*Farley Dec.*, ¶7; Exhibit 4, *Stewart Depo.*, 24:18-24. | 21. Objection. Defendant has failed to provide two requested reports concerning the incident, prepared by its manager or its manager's assistant, as well as any video surveillance imaging of the incident or events leading to or following the incident.<br><br>Berkowitz Declaration, ¶¶ 4-6 (referencing Ms. Pittman's deposition in part, Exhibit 6).<br><br>Without waiving these objections, and subject to them, Plaintiff agrees this is undisputed. |

21. Moving Party's Response
   a. Plaintiff does not dispute Target's Fact #21.
   b. The evidence cited does not dispute Target's Fact #21.
   c. Plaintiff's argument about the evidence available to her (or not available to her) is addressed within the body of Target's reply brief.

| | |
|---|---|
| 22. Ms. Stewart does not know of any Target Team Member who knew of the spill on the floor before the incident.<br><br>*Farley Dec.*, ¶7; Exhibit 4, *Stewart Depo.*, 24:25-25:3. | 22. Objection. Defendant has failed to provide two requested reports concerning the incident, prepared by its manager or its manager's assistant, as well as any video surveillance imaging of the incident or events leading to or |

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

21

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S**
**STATEMENT OF GENUINE DISPUTES**

| | following the incident. |
| | |
| | Berkowitz Declaration, ¶¶ 4-6 (referencing Ms. Pittman's deposition in part, Exhibit 6). |
| | |
| | Without waiving these objections, and subject to them, Plaintiff agrees this is undisputed. |

22.    Moving Party's Response

    a. Plaintiff does not dispute Target's Fact #22.

    b. The evidence cited does not dispute Target's Fact #22.

    c. Plaintiff's argument about the evidence available to her (or not available to her) is addressed within the body of Target's reply brief.

| | |
|---|---|
| 23.    Ms. Stewart does not know how long the spill was on the floor before the incident.<br><br>*Farley Dec.*, ¶7; Exhibit 4, *Stewart Depo.*, 25:4-6. | 23.    Objection. This is identical to No. 19 above.  Plaintiff incorporates the same response as in No. 19. |

23.    Moving Party's Response

    a. Target's Fact #23 is about Ms. Stewart.  Fact #19 is about plaintiff.  The two facts are not identical.

///

///

///

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

22

**TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S
STATEMENT OF GENUINE DISPUTES**

Dated: November 24, 2021          SNYDER BURNETT EGERER, LLP

*/s/ Jessica Farley*

_____

By: Sean R. Burnett / Jessica Farley
Attorneys for Defendant TARGET
CORPORATION

SNYDER BURNETT
EGERER, LLP
5383 Hollister Avenue
Ste. 240
Santa Barbara, CA 93111

23

TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S
STATEMENT OF GENUINE DISPUTES

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed by the firm of Snyder Burnett Egerer, LLP, in the County of Santa Barbara, State of California.  I am over the age of 18 and not a party to the within action; my business address is 5383 Hollister Avenue, Suite 240, Santa Barbara, California 93111.

On November 24, 2021 I served the foregoing document(s) described as **DEFENDANT TARGET DEFENDANT TARGET CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES** on all parties of record in this action by electronic service to the e-mail addresses as follows:

| | |
|---|---|
| **Simon P. Etehad** | *Attorneys for Plaintiff* |
| **Steven Berkowitz** | *CONNIE TAYLOR BROADOUS* |
| **Etehad Law, APC** | |
| 150 South Rodeo Drive, Suite 350 | |
| Beverly Hills, California 90212 | |
| Telephone: 310.550.1220 | |
| Facsimile: 888.266.5502 | |
| Email: steven@etehadlaw.com | |
| simon@etehadlaw.com | |
| info@etehadlaw.com | |

_____ I caused such envelope or package with postage thereon fully prepaid to be placed in the United States mail at Santa Barbara, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day from the date of deposit for mailing in the affidavit.

 XX  I caused the foregoing document to be sent to the persons at the electronic notification address(es) designated below.  This is necessitated during the declared national emergency due to the Coronavirus (COVID-19) pandemic. Therefore, the document(s) referenced above is/are served only by using electronic mail.

Executed on November 24, 2021at Santa Barbara, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Laurel M. Shaddix*

_____
Laurel M. Shaddix