**ETEHAD LAW, APC**
Simon P. Etehad (SBN 186449)
simon@etehadlaw.com
Steven Berkowitz (SBN 124051)
steven@etehadlaw.com
150 South Rodeo Drive, Suite 350
Beverly Hills, California 90212
t 310.550.1220 | f 888.266.5502

Attorneys for Plaintiff Connie Taylor Broadous

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CONNIE TAYLOR BROADOUS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TARGET CORPORATION; individually and dba TARGET STORE T-2329; and DOES 1 TO 20,<br><br>　　　　Defendants. | CASE NO.: 2:20-cv-10950 GW (JEMx)<br><br>Hon. George H. Wu<br><br>**PLAINTIFF'S UNOPPOSED APPLICATION FOR AN ORDER TO SEAL PORTIONS OF EXHIBIT 7 TO NOVEMBER 18, 2021 FILED DECLARATION OF STEVEN BERKOWITZ IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Filed concurrently with Declaration of Jessica Farley; [Proposed] Order]** |

**TO THE COURT:**

　　Pursuant to Fed. R. Civ. Pro. 5.2 and Local Rule 79-5, Plaintiff hereby applies to this Court for an Order to seal certain portions of Exhibit 7 to the Declaration of Steven Berkowitz, located at ECF 31-1, pages 162-311 ("Exhibit 7"), as follows:

1

PLAINTIFF'S UNOPPOSED APPLICATION FOR AN ORDER TO SEAL PORTIONS OF EXHIBIT 7 TO DECLARATION OF STEVEN BERKOWITZ IN SUPPORT OF OPPOSITION TO DEFENDANT'S MSJ

ECF 31-1, p. 179, Page 17; lines 17-19

ECF 31-1, p. 181, Page 37; lines 19-25

ECF 31-1, p. 200, Page 38; lines 1-2; 22-25

ECF 31-1, p. 201, Page 39; lines 1-7; 23-25

ECF 31-1, p. 202, Page 40; lines 1-23

ECF 31-1, p. 213, Page 51; lines 18-25

ECF 31-1, p. 214, Page 52; lines 1-25

ECF 31-1, p. 215, Page 53; lines 1-12; 16-25

ECF 31-1, p. 216, Page 54; lines 1-21

ECF 31-1, p. 218, Page 56; lines 9-23

ECF 31-1, p. 219, Page 57; lines 19-25

ECF 31-1, p. 220, Page 58; lines 1-4; 17-25

ECF 31-1, p. 221, Page 59; lines 1-25

ECF 31-1, p. 222, Page 60; lines 1-25

ECF 31-1, p. 223, Page 61; lines 1-3

ECF 31-1, p. 224, Page 62; lines 19-25

ECF 31-1, p. 225, Page 63; lines 1-8

ECF 31-1, p. 226, Page 64; lines 7-13; 16-25

ECF 31-1, p. 227, Page 65; lines 1-21

ECF 31-1, p. 234, Page 72; lines 22-25

ECF 31-1, p. 235, Page 73; lines 1-25

ECF 31-1, p. 236, Page 74; lines 22-25

ECF 31-1, p. 240, Page 78; lines 16-20

ECF 31-1, p. 261, Page 99; lines 2-25

2

PLAINTIFF'S UNOPPOSED APPLICATION FOR AN ORDER TO SEAL PORTIONS OF EXHIBIT 7 TO DECLARATION OF STEVEN BERKOWITZ IN SUPPORT OF OPPOSITION TO DEFENDANT'S MSJ

      ECF 31-1, p. 262, Page 100; lines 1-25

      ECF 31-1, p. 263, Page 101; lines 1-8; 13-25

      ECF 31-1, p. 264, Page 102; lines 1-12; 18-25

      ECF 31-1, p. 265, Page 103; lines 1-25

      ECF 31-1, p. 266, Page 104; lines 1-11; 21-25

      ECF 31-1, p. 267, Page 105; lines 1-12; 18-22

      ECF 31-1, p. 271, Page 109; lines 2-4

      ECF 31-1, p. 278, Page 116; lines 6-14; 23-25

      ECF 31-1, p. 279, Page 117; lines 1-25

      ECF 31-1, p. 280, Page 118; lines 1-2

     These excerpts contain confidential and sensitive proprietary information pertaining to Target Corporation's video surveillance security system, including the type of security system, the number and location of cameras, and the field of vision of the cameras.

     A copy of Exhibit 7 with these excerpts redacted is attached herein as Exhibit A. As set forth in the accompanying Memorandum of Points and Authorities, plaintiff respectfully requests that the Court grant her application to seal these excerpts of Exhibit 7 by replacing the currently-filed Exhibit 7 with the redacted version attached as Exhibit A.

Dated: December 6, 2021                                  **ETEHAD LAW, APC**

                                                           /s/ Steven Berkowitz
                                                          Simon P. Etehad
                                                          Steven Berkowitz
                                                          Attorneys for Plaintiff Connie Broadous

3

PLAINTIFF'S UNOPPOSED APPLICATION FOR AN ORDER TO SEAL PORTIONS OF EXHIBIT 7 TO DECLARATION OF STEVEN BERKOWITZ IN SUPPORT OF OPPOSITION TO DEFENDANT'S MSJ

# MEMORANDUM OF POINT AND AUTHORITIES

## I. FACTUAL BACKGROUND

Plaintiff Connie Broadous lodged the entire unredacted deposition transcript of Target employee and 30(b)(6) witness Lalaeh Jafari as Exhibit 7 to the Declaration of Steven Berkowitz in support of plaintiff's Opposition to Target's Motion for Summary Judgment. Exhibit 7 is located at ECF 31-1, pages 162-311. Although the deposition transcript had been designated as "confidential" by Target pursuant to the Stipulated Protective Order in place in this case, Exhibit 7 was filed without first meeting and conferring with Target.

Subsequent to Exhibit 7 being filed, Target limited those portions of the transcript that should be treated as "confidential" and sealed. Those portions are redacted in the copy of Exhibit 7 that is attached herein as Exhibit A.

Plaintiff now applies to replace the current version of Exhibit 7 with the redacted version in Exhibit A. Counsel for Target does not oppose this Application. [*Declaration of Jessica Farley*, para. 3.]

## II. AUTHORITY TO SEAL DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." The Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial

4

PLAINTIFF'S UNOPPOSED APPLICATION FOR AN ORDER TO SEAL PORTIONS OF EXHIBIT 7 TO DECLARATION OF STEVEN BERKOWITZ IN SUPPORT OF OPPOSITION TO DEFENDANT'S MSJ

court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case," (Nixon v. Warner Communications, Inc., 435 U.S. 589, 599, 98 S.Ct. 1306, 1312 (1978)). Courts should consider "the interests [of] the parties in light of the public interest and the duty of the courts." (Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon, 435 U.S. at 602). "Under the 'compelling reasons' standard, a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" (Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (quoting Hagestad, 49 F.3d at 1434). In general, when "'court files might have become a vehicle for improper purposes' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," there are "compelling reasons" sufficient to outweigh the public's interest in disclosure. Kamekana, 447 F.3d at 1179 (internal citations and alterations omitted).

### III. THERE IS GOOD CAUSE FOR PLAINTIFF'S APPLICATION TO SEAL LIMITED PORTIONS OF EXHIBIT 7

Pursuant to Local Rule 79-5, Plaintiff hereby applies for leave of Court to seal certain portions of Exhibit 7 by replacing the current unredacted version of Exhibit 7 with the redacted version attached as Exhibit A. The current version of Exhibit 7 was inadvertently filed by Plaintiff without first meeting and conferring with Target about

5

PLAINTIFF'S UNOPPOSED APPLICATION FOR AN ORDER TO SEAL PORTIONS OF EXHIBIT 7 TO DECLARATION OF STEVEN BERKOWITZ IN SUPPORT OF OPPOSITION TO DEFENDANT'S MSJ

its designation of the deposition transcript as "confidential" under the Stipulated Protective Order. Plaintiff now seeks to correct that error.

Good cause exists to grant this application for the following reasons:

(1) The redactions in Exhibit A relate to sensitive and confidential information about Target's security system, such as the number, location, and operation of security cameras in the store and their fields of vision. Target has a proprietary and business interest in keeping this information from the general public because the security system is designed to protect against and deter theft and other crimes.

(2) Target has gone out of its way to keep this information out of the public's grasp in all cases and in its everyday practices and procedures. For instance, when this information is shared as a required part of litigation, it is a requirement of Target to have a Protective Order in place in an effort to minimize the exposure of this information to anyone outside of Target. Documents containing this information are not published for the public. They are made available only to employees who would benefit from the documents as part of their job duties for Target.

(3) The scope of confidential information to be sealed is narrow. Target is not seeking to seal the entire deposition transcript, only those portions that are

6

PLAINTIFF'S UNOPPOSED APPLICATION FOR AN ORDER TO SEAL PORTIONS OF EXHIBIT 7 TO DECLARATION OF STEVEN BERKOWITZ IN SUPPORT OF OPPOSITION TO DEFENDANT'S MSJ

most important to protect Target's interests in maintaining the confidentiality of its security system.

(4) There is a substantial probability of harm and prejudice to Target if the application is not granted because the public will have unfettered access to this information, despite Target's consistent and far-reaching efforts to keep the information confidential.

(5) Since plaintiff has filed the entire transcript already, there are no less restrictive means to protect Target's confidential information than to grant the Application submitted by plaintiff.

[*Declaration of Jessica Farley*, paras. 4-8.]

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests the Court to grant this Application to seal Exhibit 7 by replacing it with the redacted transcript attached herein as Exhibit A.

Dated: December 6, 2021        Etehad Law, APC


                               /s/ Steven Berkowitz_____
                               Steven Berkowitz,
                               Attorneys for Plaintiff Connie Taylor Broadous

PLAINTIFF'S UNOPPOSED APPLICATION FOR AN ORDER TO SEAL PORTIONS OF EXHIBIT 7 TO DECLARATION OF STEVEN BERKOWITZ IN SUPPORT OF OPPOSITION TO DEFENDANT'S MSJ