**ETEHAD LAW, APC**
Simon P. Etehad (SBN 186449)
simon@etehadlaw.com
Steven Berkowitz (SBN 124051)
steven@etehadlaw.com
150 South Rodeo Drive, Suite 350
Beverly Hills, California 90212
t 310.550.1220 | f 888.266.5502

# UNITED STATED DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CONNIE TAYLOR BROADOUS<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; individually and dba TARGET STORE T-2329; and DOES 1 TO 20,<br><br>Defendants. | CASE NO.: 2:20-cv-10950 GW (JEMx)<br><br>Hon. George H. Wu<br><br>**PLAINTIFF'S MOTION FOR SPOLIATION OF EVIDENCE**<br><br>**[Declaration of Steven Berkowitz in Support of Motion For Spoliation filed separately]**<br><br>DATE:  December 30, 2021<br>TIME:  8:30 a.m.<br>DEPT.: 9D |

## PLAINTIFF'S MOTION FOR SPOLIATION OF EVIDENCE

Plaintiff Connie Taylor Broadous ("Plaintiff"), by and through her attorneys, Etehad Law, APC, moves this Court's inherent powers to levy sanctions in response to abusive litigation practices.

In Support of this motion, Plaintiff relies upon and incorporates by reference the facts, arguments, and legal authority set forth in the accompanying Memorandum and separately filed Declaration of Steven Berkowitz in support, as well as the pleadings on file with the Court.

This Motion is made following conferences of counsel in meet and confer correspondence and telephone calls between November 24, 2021 and November 28, 2021, attempting to obtain the evidence concealed, but were unable to resolve the discovery disputes set forth in this motion. See Berkowitz Dec., ¶ 11.

Dated: December 6, 2021                    **ETEHAD LAW, APC**

/s/ *Steven Berkowitz*
Simon P. Etehad
Steven Berkowitz
Attorneys for Plaintiff Connie Broadous

## I. INTRODUCTION AND STATEMENT OF FACTS

### A. Introduction

This action begins with a slip and fall. On June 1, 2020, 75-year-old Connie Taylor Broadous ("Plaintiff") was walking to the checkout line at a local Target store, owned and operated by Defendant Target Corporation ("Defendant" or "Target"), when she slipped and fell on a yellow soapy liquid, causing her great injury. Within 6 months of her fall, Plaintiff brought this action against Target. During discovery, Target failed to identify and produce two key incident reports taken at the scene of the incident and identified during the deposition of its Person Most Qualified ("PMQ"), the store manager in charge on the day of the incident.

The deposition testimony of Defendant's PMQ, i.e., Anita Pittman, who Defendant refused and failed to submit for her deposition until more than three months after the deposition was noticed in late July 2021, establishes that these incident reports contain witness statements that were not included in the incident report provided in Defendant's initial disclosure. These purported statements were made by the same witness upon whose unexamined testimony Defendant presented in support of its Motion for Summary Judgment. Further, Defendant contends that, despite receiving two preservation letters within 14 days of the incident, it does not have any video footage of the incident, of any person involved (including Plaintiff or the person who spilled the liquid), or of any part of the store that day.

Plaintiff now seeks an order for spoliation of evidence.

### B. Statement of Relevant Facts

Defendant served its initial disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(1) on January 12, 2021. *See* Declaration of Steven Berkowitz, Esq. In Support of Plaintiff's Motion to Compel Production of Documents, Berkowitz Dec. at ¶ 4. Among these initial disclosures, and despite having possession of three incident reports taken at the scene of the fall on the day of the fall, including one that described witness Saldano's statements and his contact information, Defendant only listed two

witnesses: Plaintiff Connie Broadous, and Anita Pittman, the manager of the location at the time of the incident. In addition, Defendant only listed a single incident report that it labeled the "Guest Incident Report."

Thereafter, on July 27, 2021, On July 27, 2021 Plaintiff propounded a notice of deposition of the PMQs of Target (which PMQs, based upon the deposition topics listed, would necessarily have included the supervising manager on duty at Target on the day of the incident who was in charge of the investigation and interviews of witnesses, i.e., Anita Pittman). This deposition notice also included demands for production. The deposition was scheduled for August 17, 2021. Berkowitz Dec. at ¶ 5.

Thereafter, Target's counsel repeatedly continued the Anita Pittman deposition, contending that she was not available. On September 8, 2021, Plaintiff's counsel caused a First Amended Notice of Deposition to be served, seeking deposition(s) on September 20, 2021, a true and correct copy of which is attached to the Berkowitz Declaration as Exhibit "B." Anita Pittman was not available for that day. On September 27, 2021, Plaintiff's counsel caused a Second Amended Notice of Deposition to be provided to correspond to another set of deposition dates provided by Target's counsel in early October, a true and correct copy of which is attached as Exhibit "C" to the Berkowitz Declaration. Again, Target contended Anita Pittman was not available for her deposition. It was not until November 16, 2021, when Defendant's counsel permitted me Ms. Pittman's deposition to be taken, a mere two days before the Opposition to Defendant's Motion for Summary Judgment was due. Berkowitz Dec. at ¶ 6.

In the deposition notices, Plaintiff sought the deposition testimony of Defendant's person most qualified to give testimony about any reports made about the incident, any statements made by employees about the incident, any knowledge Defendant had of the substance on the floor, and any investigations Defendant performed. See Exhibits "B" and "C", categories 5 – 8.

On November 16, 2021 Plaintiff took the deposition of Defendant's PMQ, Anita Pittman. Berkowitz Dec., ¶¶ 7, 9, Exh. D. In her deposition, Pittman acknowledged that

4
**PLAINTIFF'S MOTION FOR SPOLIATION OF EVIDENCE**  Case No. 2:20-cv-10950 GW (JEMx)

Defendant had the identity of witness Luis Saldana as early as the date of the incident on June 1, 2021. *Id*. at p. 47 line 22 – pg. 48, line 3. Pittman initially testified that Mr. Saldana told her what he witnessed, as follows:

> Q. But you do recall speaking to a gentleman, right?
> A. Yes.
> …
> Q. Do you recall what he told you?
> A. Yes.
> Q. All right. And what did he tell you?
> A. He said it happened within seconds. She was walking behind another lady, and the lady dropped the soap, and it happened within seconds of her falling.

Exh. "D" at pg. 45, line 17-19, pg. 46, lines 1- 6.

Later, during the deposition, Pittman testified that her assistant, Ruth, was the one who interviewed Saldana. Nevertheless, Pittman testified that she was responsible for the preparation of the incident report. Pg. 26, line 22 – pg. 27, line 3, pg. 27, lines 18-24; pg. 44, lines 11-14. She also testified that her store's management company, Sedgwick, was provided with the incident report regarding the Saldana interview immediately after the date of the incident. Pg. 48, line 23 – pg. 49, lines 1 – 14.

Still later in the deposition, Pittman testified that there were three reports prepared regarding the incident, including her report, Ruth's report, and an LOD (Leader on Duty) report regarding Pittman's observations, all of which she provided to Sedgwick. Pg. 56, line 7 – pg. 57, line 2; pg. 57, line 23 – pg. 58, line 2.

At the end of Pittman's deposition, notwithstanding coaching from her counsel during a break, she stated the following:

> Q. But generally under those circumstances, if Ruth came to you and told you what a percipient witness observed in connection with

> a slip and fall, you would have either expected her to fill out a report, or you would have given her a report to fill out; is that correct?
>
> …
>
> A. Yes.

Pg. 78, lines 7 – 16.

Pittman also testified that at the time of the incident Defendant had policies or procedures regarding the cleanup of spill. Pg. 30, lines 3 -8. These were requested in the Notices of Deposition (Exhibits B and C) in category number 14. These were never produced. Berkowitz Dec. at ¶ 11.

Pittman also testified that no video surveillance existed of any person involved in the incident, at any time and any place in the store. Pg. 13, line 25 – pg. 14, line 9.

Etehad Law sent to timely letters of preservation to Defendant within two weeks of the incident. See Exhibit "E" attached to the Berkowitz Declaration.

### ARGUMENT

#### A. Legal Standard

"It is firmly established in the Ninth Circuit that "[a] federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence," which includes the power "to permit a jury to draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir.1993) (citing *Akiona v. United States*, 938 F.2d 158 (9th Cir.1991)); *accord Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 824 (9th Cir.2002). This power to impose spoliation sanctions derives from the Supreme Court's recognition in *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27, reh'g denied, 501 U.S. 1269, 112 S.Ct. 12, 115 L.Ed.2d 1097 (1991), that " '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court,

because they are necessary to the exercise of all others.'" 501 U.S. at 43, 111 S.Ct. 2123 (quoting *United States v. Hudson,* 11 U.S. (7 Cranch) 32, 34, 3 L.Ed. 259 (1812)). Indeed, magistrate judges throughout the Ninth Circuit have commonly relied on their inherent power to issue adverse inference jury instructions as a sanction for spoliation." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 985 (N.D. Cal. 2012).

District courts may impose sanctions under their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *In re Napster, Inc. Copyright Litigation*, 462 F.Supp.2d 1060, 1066 (N.D.Cal.2006) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir.2009); S*ilvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir.2001) (Spoliation "refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.")

District courts in California have adopted the Second Circuit's three-part test which provides, 1) that the party having control over the evidence had an obligation to preserve it at the **time** it was destroyed; (2 that the records were destroyed 'with a culpable state of mind'; and 3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Cottle-Banks v. Cox Commc'ns, Inc.,* No. 10CV2133-GPC WVG, 2013 WL 2244333, at *13 (S.D. Cal. May 21, 2013).

Timeliness. Courts have permitted parties to raise issues of spoliation after discovery has closed so long as the claim is raised "as soon as reasonably possible after [uncovering] the facts that underlie the motion." *See, e.g., Larios v. Lunardi*, 442 F. Supp. 3d 1299, 1305-6 (E.D. Cal. 2020) (quoting *Sherwin-Williams Co. v. JB Collision Services, Inc.*, No. 13-cv-1946-LAB-WVG, 2015 U.S. Dist. LEXIS 87439,

7

2015 WL 4077732, at *2 (S.D. Cal. 2015); *Montoya v. Orange County Sheriff's Dept.,* No. SACV 11-cv-1922-JGB-RNB, 2013 U.S. Dist. LEXIS 180682, 2013 WL 6705992, at *6 (C.D. Cal. Dec. 18, 2013)). *See Goodman v. Praxair Services, Inc.,* 632 F.Supp.2d 494, 506–08 (D.Md.2009) (spoliation motion "should be filed as soon as reasonably possible after discovery of the facts that underlie them motion."); *see McEachron v. Glans,* No. 98–CV–17(LEK/DRH), 1999 WL 33601543, at * 2 (N.D.N.Y. June 8, 1999) (holding spoliation motion made two weeks after the close of discovery was timely).

In this case, the present motion was made three weeks after Pittman's deposition, which Defendant delayed from occurring for several months, until November 16, 2021. There is also no question that the evidence concealed was within the control of Defendant, that it knew or had knowledge that such evidence should be preserved and turned over to Plaintiff, and that such evidence was directly relevant to the timing of the liquid drop, and whether Defendant had notice of the same, before Plaintiff approached.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court find that spoliation has occurred and provide an adverse inference against Defendant regarding its notice or knowledge of the spill, and the ability to either clean it up or safeguard the area, before Plaintiff approached.

Dated: December 6, 2021                                    **ETEHAD LAW, APC**

<u>/s/ *Steven Berkowitz*</u>
Simon P. Etehad
Steven Berkowitz
Attorneys for Plaintiff Connie
Broadous