## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-10950-GW-JEMx | Date | December 9, 2021 |
| Title | *Connie Taylor Broadous v. Target Corporation, et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Steven Berkowitz | Sean R. Burnett |

**PROCEEDINGS:**    **TELEPHONIC HEARING ON DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT [25]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court GRANTS the motion for summary judgment as Plaintiff has not provided any evidence of actual or constructive notice. Defendant is to file a proposed judgment forthwith.

                                                                                                       :   35

Initials of Preparer   JG

***Connie Taylor Broadous v. Target Corporation et al.***; Case No. 2:20-cv-10950-GW-(JEMx)
Tentative Ruling on Defendant's Motion for Summary Judgment

I.  **Background**

On June 1, 2020, Plaintiff Connie Taylor Broadous sustained personal injuries when she slipped and fell on a soapy liquid spill at Defendant Target Corporation's store in Granada Hills, California. Broadous brought this action against Target for general negligence and premises liability seeking $200,000 in compensatory damages. *See* Complaint at 5-6, ECF No. 1-1. Before the Court is Target's Motion for Summary Judgment ("Mot"), ECF No. 25. Plaintiff Broadous has submitted an Opposition ("Opp."), ECF No. 31, and Target has submitted a Reply, ECF No. 32.

A. Factual Background

On June 1, 2020, Plaintiff Connie Taylor Broadous was visiting the Target store located at 11133 Balboa Blvd. in Granada Hills, California with her assistant and direct supervisee, Verna Stewart, when she slipped and fell in the main aisle near the registers. *See* Defendant's Response to Plaintiff's Statement of Genuine Disputes ("SUF") ¶¶ 4-6, ECF No. 34. Another customer, Luis Saldana, came to Plaintiff's assistance within seconds of the fall while Plaintiff was still on the floor, sitting in the liquid spill. *Id.* ¶ 7. Saldana touched, observed, and smelled the slippery liquid and determined that it was a type of soap. *Id.* ¶ 9. Plaintiff Broadus noticed that the soap spill was clear and not dirty. *Id.* ¶ 10.

Saldana is an independent witness who has never worked at Target. *Id.* ¶ 8. Saldana recollects walking through the location of the fall approximately 33 seconds before the incident as he was making his way to a register to pay for his items. *Id.* ¶ 12. At that time, Saldana did not notice any liquid on the floor at the location of the fall, but he recollects passing a female customer who was carrying a bottle of soap in her hand. *Id.* ¶¶ 13-14. As he was placing his items onto the conveyor belt at his register, Saldana allegedly heard a loud "boom" that sounded as though something was dropped. *Id.* ¶ 15. Within three seconds, Saldana allegedly heard a second loud noise and stepped back from the register to observe an elderly woman on the floor in a puddle of liquid. *Id.* ¶¶ 16-17. Plaintiff Broadous disputes this account and asserts that she was undistracted and staring straight ahead in advance of her fall. Declaration of Connie Broadous ("Broadous Decl.") ¶¶ 10-14, ECF No. 31-1. Broadous asserts that she did not hear any loud noise in advance of her fall and did not notice any containers or a source of the soapy liquid after

1

her fall.  *Id.*  Neither Plaintiff Broadus nor her assistant Stewart knew where the spill came from or how long it was on the floor before the incident, and neither can confirm that a Target employee was aware of the spill on the floor before the incident.  *Id.* ¶¶ 18-23.

## II. Legal Standard

Summary judgment shall be granted when a movant "shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal quotation marks and citations omitted).  However, when the nonmoving party bears the burden of proving the claim or defense, the moving party does not need to produce any evidence or prove the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 325.  Rather, the moving party's initial burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *Id*.

Once the moving party meets its initial burden, the "party asserting that a fact cannot be or is genuinely disputed must support the assertion."  Fed. R. Civ. P. 56(c)(1).  "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Further, "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Liberty Lobby*, 477 U.S. at 248.  At the summary judgment stage, a court does not make credibility determinations or weigh conflicting evidence.  *See id.* at 249.  A court must draw all inferences in a light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. Discussion

Under California law, "[t]he elements of negligence are: (1) defendant's obligation to

conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009). A store owner owes its patrons a duty to exercise reasonable care in keeping the premises reasonably safe, but a store owner is not an insurer of the safety of its patrons. *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001). Therefore, to "impose liability for injuries suffered by an invitee due to a defective condition of the premises, the owner or occupier 'must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving unreasonable risk to invitees on his premises.'" *Id.* (quoting *Girvetz v. Boys' Mkt.*, 91 Cal. App. 2d 827, 829 (1949)).

Here, there appears to be little question that the evidence from Saldana, if true, dooms Plaintiff's case. Saldana asserts that he passed a female customer with a bottle of soap in her hand. *See* Declaration of Luis Saldana ("Saldana Decl.") ¶ 4, ECF No. 27-5. He then heard a loud "boom" that sounded like something being dropped then seconds later, heard a second loud noise. *Id.* ¶¶ 5-6. He immediately took a few steps back and looked around to see an elder woman, Plaintiff Broadous, on the floor. *Id.* ¶ 6. Saldana asserts that there was no liquid soap on the floor when he walked by the location of the fall 30 seconds prior. *Id.* ¶ 7. The upshot of Saldana's declaration is that a female customer dropped a bottle of soap, spilling liquid soap on the floor, then Plaintiff Broadus, within three seconds of the spill, slipped and fell. *Id.* ¶ 10. Target asserts that under the circumstances described by Saldana, as a matter of law, it cannot be found to have actual or constructive notice of the spill prior to Plaintiff's fall. Indeed, a number of cases in this District as to this Defendant have held that – where the undisputed evidence showed that the substance that caused the fall was present for seven minutes (or less) before the plaintiff fell – "as a matter of law" there was insufficient time to establish constructive notice of a spill for the purposes of a premises liability claim grounded in negligence. *See Sukiasyan v. Target Corp.*, No. 18-CV-10356-R-(GJSx), 2019 WL 7205991, at *4 (C.D. Cal. Nov. 27, 2019) (finding no constructive notice as a matter of law for a spill that existed for 3 minutes and 35 seconds before plaintiff's fall); *Alacan v. Target Corp.*, No. 14-CV-04564-ABV-(BKx), 2015 WL 10945603, at *3 (C.D. Cal. June 26, 2015) (same for a spill that existed between 5 to 7

minutes before plaintiff's fall); *see also Eidem v. Target Corp.*, No. EDCV 10-01000 VAP, 2011 WL 3756144, at \*9 (C.D. Cal. Aug. 24, 2011) (same for 14 to 15 minutes before plaintiff's fall). Similarly, here, the evidence from Saldana, a third-party witness with no ties to Target, indicates that the spill was on the ground for mere seconds, which as a matter of law, cannot be sufficient time to provide Target constructive notice.

Saldana's declaration is not wholly undisputed, but Plaintiff has failed to create a genuine dispute over whether Target had actual or constructive notice of the spill prior to Plaintiff's fall. Plaintiff Broadous challenges the timing of events in Saldana's declaration, asserting that if she had fallen immediately after another customer had dropped a container of liquid soap in front of her, she would have also heard a loud noise or would have seen the container after her fall but she did not.[1] *See* Broadous Decl. ¶¶ 10-14. The Court notes, however, that Plaintiff never challenges Saldana's assertion that there was no liquid at the location of the fall when he walked through the location less than a minute prior. And Plaintiff has failed to provide any evidence tending to suggest that Target had actual or constructive notice of the spill before Plaintiff's fall, as required to succeed on a claim for negligence. *See Ortega*, 26 Cal. 4th at 1203 ("The plaintiff has the burden to prove the owner had actual or constructive notice of the defect in sufficient time to correct it."). Plaintiff blames Target for this absence of evidence, spending the majority of her Opposition accusing Target of spoliation and nonproduction or destruction of evidence, specifically: (1) failure to provide video footage of any aspect of the incident; (2) failure to provide video footage of any persons involved in the incident, including Plaintiff or the person that allegedly dropped a container carrying the soapy liquid; (3) failure to provide three incident reports created by Target employees on the day of the incident; (4) failure to disclose Saldana's contact information and telephone number as part of initial disclosures; (4) delaying the deposition for Target's person most qualified ("PMQ"); and (5) failure to provide documents containing all of Target's policies and procedures regarding monitoring, maintenance, cleanup, and safety precautions regarding its floors. *See* Opp. at 1-4, 8-9. Plaintiff requests that the Court deny Defendant's instant motion for summary judgment as a sanction for violation of Fed. R. Civ. P. 37(c)(1) and enter an order providing an adverse inference that the nonproduction or destruction of evidence by Target occurred because its contents were adverse to it with respect to

---

[1] Defendant Target has submitted a request for evidentiary ruling on specified objections to parts of the Broadous and Stewart declaration. *See* Defendant's Request for Evidentiary Rulings, ECF No. 35. The Court has considered the objections and overrules them all.

having sufficient notice of the liquid on the floor in time to secure the area before Plaintiff slipped and fell. *See id.* at 4.

In return, Target asserts that any arguments of spoliation are also untimely and should have been raised before the close of discovery, not in an Opposition to summary judgment. *See id.* at 14-17. Target further denies Plaintiff's accusations of spoliation and destruction of evidence and asserts that Plaintiff can only blame her own lack of diligence in discovery for her claims of missing evidence. *See* Reply at 6-11. Target asserts that no video of the incident ever existed because the incident occurred outside the field of view of the operational security cameras that were in place at the time of the incident. Reply at 11. Target allegedly maintains dummy security cameras, which Plaintiff has identified, that do not capture video footage. *Id.* Target asserts it did not maintain video footage of Plaintiff or anyone else outside of the location of the incident because they deemed such footage irrelevant and Plaintiff never demonstrated the relevance of such videos. *Id.* at 16-17. Target also asserts that it provided all non-privileged reports when Target served its discovery responses but withheld information pursuant to the attorney-client privilege and work product doctrine. *Id.* at 6-7; Reply Declaration of Jessica Farley ¶¶ 8-17 ("Farley Reply Decl."), ECF No. 33. Plaintiff never requested a meet and confer to discuss the privileged information. Target further denies that it withheld Saldana's contact information in the initial disclosures or delayed the deposition of its manager PMQ. Reply at 6-9. Plaintiff wanted to depose Anita Pittman as Target's manger PMQ witness, but she was on leave and unavailable. Target provided a replacement that was available by early October, but Plaintiff chose to wait until Pittman was back from her leave, in early November, to depose her. *See* Farley Reply Decl. ¶¶ 19-22. Target also did not include Saldana in their list of initial disclosures because Target had been unable to contact him as the phone number Saldana had provided was out of service. Reply at 9; Farley Reply Decl. ¶ 23. Target's counsel personally investigated and independently discovered contact information for Saldana, then provided it to Plaintiff shortly after Target contacted Saldana. Reply at 9-10; Farley Reply Decl. ¶¶ 24-29. And while Saldana unilaterally terminated his deposition within 20 minutes then refused to reappear and submit to questions, the Court agrees with Target that he was only able to do so because Plaintiff failed to subpoena him for deposition. *See* Reply at 10-11; Declaration of Steve Berkowitz ("Berkowitz Decl.") ¶ 4, ECF No. 31-1. Plaintiff has offered no explanation for why she did not subpoena Saldana for deposition after Saldana refused to answer questions in the first

5

attempted deposition.  Finally, Target confirms that it promptly provided all relevant policies and procedures after the execution of a stipulated protective order.  *Id.* at 7-8; Farley Reply Decl. ¶¶ 8-9.

The Court agrees with Target that Plaintiff's complaints about missing evidence largely appears to reflect her failure to diligently pursue discovery, not spoliation or obstruction.  *See* Reply at 5.  The Court finds that Target acted properly with respect to providing an employee for its PMQ deposition, providing contact information for Saldana, providing relevant policies and procedures, and providing all non-privileged reports.  *Id.* at 5-11.  Plaintiff's inability to properly depose Saldana also largely rests on her failure to properly subpoena Saldana for deposition.  *Id.* at 10-11.  But the Court is troubled by Target's apparently lackluster investigation into the existence of video surveillance of the incident in its heavily surveilled stores.  As explained by Anita Pittman, Target simply asked a Target Security Specialist whether there was coverage of the incident by providing the location of the fall and never broadened the search to investigate the events leading up to the fall.  *See* Deposition of Anita Pittman ("Pittman Depo.") at 17-19, Berkowitz Decl., Exh. 6, ECF No. 31-1.  Target asserts that such footage is irrelevant, but the Court disagrees, *see* Reply at 11, as the footage could confirm or disprove Saldana's recollection of events or provide clues to pinpoint the exact time of the spill.  Target's other deposition witness, Laleh Jafari, testified that there are approximately 30 to 40 cameras on the sales floor and that she would have expected a camera located just above the cashiers closest to the scene of the incident.  *See* Deposition of Laleh Jafari ("Jafari Depo.") at 39-41, 53-55, Berkowitz Decl., Exh. 7, ECF No. 31-1.  The Court cannot see how such footage cannot be relevant to help deduce approximately when the spill occurred or to determine whether there were any other Target employees around when the spill occurred.  Jafari also indicates that she does not recall checking to determine by herself whether there was no camera coverage of any part of the incident, although she confirms that it was part of her role.  *Id.* at 48-50.

Target is correct, however, that these arguments are untimely and should have all been raised by Plaintiff during discovery in a motion to compel evidence, not in an Opposition to a summary judgment motion.  *See, e.g., Khajehnouri v. Target Corp.,* No. 19-CV-04733-FLA-(KSx), 2021 WL 2497951, at *5 (C.D. Cal. Apr. 30, 2021) ("Courts have deemed spoliation claims untimely when they are not raised until after the close of discovery, or in opposition to summary judgment."); *Rhabarian v. Cawley*, No. 10-CV-00767-TLN-KJN, 2014 WL 546015, at

6

*3 (E.D. Cal. Feb. 11, 2014) ("[T]he time to raise these [spoliation] issues was during discovery, and not after the deadline for dispositive motions."); *Larios v. Lunardi*, 442 F. Supp. 3d 1299, 1305 (E.D. Cal. 2020) ("Court cannot reach the merits of Plaintiff's spoliation claim because of his inexplicable delay in raising it."). If Plaintiff would like the Court to consider its arguments for spoliation and consider entering an adverse inference against Target, Plaintiff must discuss at the upcoming hearing why she did not raise these arguments before the close of discovery[2] and why the Court should consider the untimely arguments during summary judgment. As the evidence currently stands, Plaintiff has not provided any evidence that Target had actual or constructive notice of the spill before the incident, so summary judgment for Target is warranted.

## IV.   Conclusion

The Court would ask Plaintiff to come prepared to discuss why she did not raise her spoliation arguments in a timely manner before the close of discovery, and why the Court should consider her untimely arguments now at summary judgment. As the evidence currently stands, the Court would **GRANT** the motion for summary judgment as Plaintiff has not provided any evidence of actual or constructive notice.

---

[2] In its January 13, 2021 Fed. R. Civ. P. scheduling order, it was stated that:

> All regular discove1y will be completed by September 3, 2021. By "completed," the Comt means that said discove1y requests must be served sufficiently early such that a motion to compel (if necessaiy) can be filed, heard and complied with before the cut-off date.

ECF No. 11.