**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONNIE TAYLOR BROADOUS, | No.    22-55071 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-10950-GW-JEM |
| v. | |
| TARGET CORPORATION, DBA Target Store T-2329, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted December 9, 2022**
Pasadena, California

Before:  M. SMITH, COLLINS, and LEE, Circuit Judges.

Connie Broadous was injured after slipping on a puddle of spilled dish soap

in a Target store.  She sued Target for negligence under California law, asserting a

premises liability theory.  In response to Target's motion for summary judgment,

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Broadous accused Target of discovery misconduct.  The district court found that Target did not commit sanctionable conduct and granted the motion for summary judgment.  We affirm.

This court reviews de novo a grant of summary judgment.  *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064 (9th Cir. 2002) (en banc).  We review discovery decisions, including whether to impose discovery sanctions, for an abuse of discretion.  *Ryan v. Editions Ltd.*, 786 F.3d 754, 759 (9th Cir. 2015).  And the "district court's factual findings, including findings of bad faith and prejudice, are reviewed for clear error."  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

1.    <u>Broadous has not established that Target had actual or constructive knowledge of the spill.</u>  When determining whether a store owner breached his or her duty of ordinary care in keeping the premises reasonably safe, "the owner's actual or constructive knowledge of the dangerous condition is a key to establishing its liability."  *Ortega v. Kmart Corp.*, 36 P.3d 11, 15 (Cal. 2001).  The plaintiff has the burden to produce evidence that the store owner had constructive knowledge of a dangerous condition.[1]  *Moore v. Wal-Mart Stores, Inc.*, 3 Cal. Rptr. 3d 813, 816–17 (Ct. App. 2003).  Broadous has not met that burden.

First, Broadous has failed to present sufficient evidence to show that the spill existed long enough to establish constructive knowledge under California law.

---

[1] Broadous does not argue that Target had actual notice of the spill.

California courts do not impose exact time limits for how long a dangerous condition must exist to establish constructive knowledge, *see Ortega*, 36 P.3d at 16, but no court has held that fewer than ten minutes is sufficient. *See Cardoza v. Target Corp.*, No. CV172232, 2018 WL 3357489, at *3 (C.D. Cal. June 22, 2018) (collecting cases). According to the depositions from Broadous and her assistant who accompanied her, about seven to eight minutes passed between when Broadous first walked down the main aisle (at which time there did not appear to be a spill) and when she slipped while walking down that aisle a second time. The deposition statements of Broadous and her assistant contain no evidence that the spill existed for more than eight minutes; if anything, they suggest it existed for less.

Second, an inference that Target had constructive knowledge is inappropriate because Broadous has not provided any evidence that Target failed to reasonably inspect the premises. To be sure, Broadous has provided some support for her argument that Target cannot affirmatively show that it did, in fact, inspect the premises. But the mere absence of inspection defense evidence is insufficient to meet the Broadous's burden that Target had constructive knowledge. *Cf. Garcia v. Target Corp.*, No. CV1505525, 2016 WL 7637662, at *5 (C.D. Cal. Apr. 26, 2016) ("Plaintiff has failed to present any affirmative evidence in support of her claim, instead only challenging the sufficiency of Target's evidence showing that it did act reasonably." (emphasis omitted)). Because Broadous did not present evidence to

3

"show that an inspection was not made within a particular period of time prior to [the] accident," *Ortega*, 36 P.3d at 20, an inference of constructive knowledge is unwarranted. The district court thus did not err in granting summary judgment for Target.

2. The district court did not abuse its discretion in declining to issue discovery sanctions. Broadous next argues that the district court erred in refusing to enter an order providing an adverse inference against Target due to its alleged spoliation and nonproduction of evidence. We disagree.

The party seeking sanctions for spoliation of evidence has the burden of demonstrating that the other party "destroyed documents and had 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" *Ryan*, 786 F.3d at 766. If that burden is met and the non-spoliating party is prejudiced by the loss of information, Federal Rule of Civil Procedure 37(e)(1) provides the district court with the discretion to "order measures no greater than necessary to cure the prejudice."

Here, the district court found that there was no evidence that Target failed to retain any surveillance footage that would have supported Broadous's claim. It also found that Target did not despoil any incident reports that would have been created following the slip-and-fall. The district court did not clearly err in making these findings or abuse its discretion in declining to issue sanctions.

4

The district court also did not err in rejecting Broadous's argument that Target violated Rule 26's disclosure requirement by failing to timely identify a third-party witness or disclose incident reports.  First, Target complied with Rule 26(e) by ultimately informing Broadous—both via email and in a supplemental disclosure—once it was able to contact the witness, even if its initial disclosure was partly inaccurate or incomplete.  Fed. R. Civ. P. 26(e)(1).  Second, Target repeatedly disclosed that it was withholding statements and reports regarding the incident, expressly asserting attorney-client privilege and the work product doctrine in response to Broadous's request for "all incident reports."  Fed. R. Civ. P. 26(a)(1)(A).  Broadous never met with Target to discuss the asserted privilege, nor did she seek to compel disclosure.  The district court thus did not err in finding that "Target acted properly with respect to . . . providing all non-privileged reports" and that Broadous's contentions reflect her own "failure to diligently pursue discovery."

Moreover, Broadous's argument would fail even if Target had not fully complied with Rule 26.  Although, in some instances, Rule 37 permits the court to impose "other appropriate sanctions" beyond excluding the nondisclosed information or witness, the district court did not abuse its determination in determining that the sanctions Broadous requested were unwarranted in this case. Fed. R. Civ. P. 37(c)(1)(C).

**AFFIRMED.**